### ROBERTS vs. CHAMPLIN.

In *slander*, charging a party with *perjury* in testifying as a witness on the trial of a cause, the plaintiff is bound to show that the evidence charged to be false was *material to the issue*, to prove or disprove which the witness was called.

ERROR from the Yates common pleas. Roberts sued Champlin in an action of *slander*. The plaintiff alleged that he had been sworn and testified as a witness in a suit before a justice of the peace, in which Champlin was the plaintiff and one Burtch was defendant, and that in a conversation respecting the plaintiff and the testimony given by him in that suit, the defendant charged the plaintiff with having *sworn false* and *perjured* himself. There was also a count charging the defendant with imputing to the plaintiff the crime of *perjury* generally, without reference to any particular suit. On the trial of the action of slander it was proved that the suit of Champlin against Burtch was an action of *trespass quare clausum fregit*, that Roberts was sworn as a witness on the trial of that suit, and testified that Champlin had said that he *would sue Burtch from Starkey to Benton*, i. e. from one town to another, which was the whole amount of his evidence. Several witnesses proved the words alleged in the declaration, but testified that the false swearing imputed to the plaintiff had refer-

ence to the testimony given by him on the trial between
Champlin and Burtch.   The counsel for the defendant in-
sisted that the evidence given by Roberts on the trial of the
suit of Champlin against Burtch *was not material to the issue*
then tried, and that therefore the words for the speaking of
which this action was brought were *not actionable,* and
moved that the plaintiff be nonsuited.   The court granted
a *nonsuit,* and the plaintiff sued out a writ of error.

*C. P. Kirkland,* for the plaintiff in error.

*I. L. Wendell,* for defendant in error.

*By the Court,* SAVAGE, Ch. J.   False swearing in a
cause, unless to some fact material to the issue, is not perju-
ry, and is not the subject of indictment or punishment; and
as this class of slanderous words are actionable in them-
selves only when they impute a crime punishable by law,
it follows, that to charge a man with false swearing simply
is not actionable, unless reference is made at the time to tes-
timony given wherein the crime of perjury might have been
committed.   In an action of this nature, where the words
spoken do not necessarily import perjury, the plaintiff is
bound to show that he swore under such circumstances that
he might have been guilty of the crime.   He must therefore
prove that the testimony alluded to by the defendant and
charged as false, was material.   In this respect the plaintiff
failed, in the court below, in sustaining his action upon the
words which impute *false swearing.*   Whether the plaintiff
had said he *would sue Burtch from Benton to Starkey* or
not, was totally immaterial to the issue then on trial.   It
did not prove nor disprove that Burtch's children or cattle
or geese had trespassed upon the plaintiff, nor could it af-
fect the damages.   Thus far, therefore, the court below
were clearly right.   To some of the witnesses the defend-
ant added, that the plaintiff had *perjured* himself.   When
this was said, and explained to mean the testimony alluded
to, the charge carried with it its antidote.   It was impos-
sible that perjury could have been committed in the testi-

mony to which allusion was made; the words, therefore, are not actionable, any more than those of false swearing. To say that A. B. committed perjury in an extra-judicial affidavit, or any oath not sanctioned by law, is not actionable, because the legal technical crime of perjury could not have been committed. The same consequence must follow where the charge is made of *immaterial testimony.* The facts sworn to by the plaintiff were no more legal material testimony in the cause, than if the oath had been taken out of court, or before a person not authorized to administer it. The materiality of the testimony is as essential an ingredient in the crime of perjury as the legality of the oath itself.

I am aware that this doctrine is liable to serious objections. The same injury may be done to the character of the accused by a charge of false swearing or of perjury, when perjury could not be committed, as if it could ; and it may produce the same or even greater tendency to a breach of the peace. But we find the law settled, that words of this description are not actionable unless they import a charge of perjury. It is also settled, that any words imputing a crime in terms, may be so qualified and explained by concomitant circumstances, as to become not only neutralized but even innocent. From the application of these principles to this case it results, that the words spoken were not actionable.

The court below decided correctly, and their judgment must be affirmed.