Avery, J.
This bill was filed November 18th, 1844, by Ethan Michael and Martha his wife against Peter Mills and certain other defendants, seeking to rescind a contract which had been made by Mills for the sale of lands, and that he be compelled to refund the purchase money with interest, and for general relief.
*602 The complainants claim also that the Court, according to the facts appearing in the case, may treat Mills as a trustee and charge him with the proceeds arising from the sale of the land, after deducting the purchase money, taxes, costs, &c. The complainants representing themselves as of the Commonwealth of Maryland and the heirs and legal representatives of William L. Bush and Lewis Bush, late of said Commonwealth, deceaséd, state in the bill amongst other things, that in the fall of 1811, Mills sold at $1 50 an acre, and by absolute deed in fee simple conveyed to said William and Lewis Bush 2825 acres of section 4, township 1, range 16, United States Military Land, lying in Franklin county, Ohio, being a 4000 acre tract. The sum of $2500, part of the purchase money was paid down, and for the residue, $1737 50, three notes were given and secured by mortgage ón the premises, the first payable in November, 1812, the second in November, 1813, and the third in November, 1814. On the second of August, 1819, Mills filed his bill in the Franklin Common Pleas to foreclose the mortgage. To this bill the two daughters of Lewis Bush were made parties by newspaper publication, and William L. Bush was also named as one of the defendants, though he had died many years before. At the March Term, 1821, of the same Common Pleas, Mills obtained a decree and an order for the sale of the mortgaged premises, in pursuance of which order the premises were offered for sale, and 2000 acres off the north side of the tract purchased in by Mills. On the 3d of August, 1819, one David Townsend filed his bill in Chancery against Mills and others claiming title to á part of the land sold as above to William and Lewis Bush. On the 15th of December, 1825, in the Supreme Court of Franklin county, a final decree was rendered against Mills for 800 acres of the land, and on the same day in obedience to the decree he conveyed the 800 acres in fee simple to Townsend. The complainants claim to own the titles both of William and Lewis Bush. Afterwards the defendant Mills, by further proceedings on the mortgage, obtained a second decree and purchased under it the *603 residue of the 2825 acres. The bill charges that both the decrees upon the mortgage were fraudulent and void. A bill of revivor with an amendment to the original bill, was filed tober 23d, 1846, said Martha, one of the complainants, being before that time deceased ; and in this amendment, besides other things stated, it is set forth that the deed from Mills to William and Lewis Bush is lost, and that nothing respecting it has been known since a short time .after its execution. Mills has put in answer under oath to the original bill and to the bill of revivor. In the answer the fraud charged upon Mills is denied, and a defence upon the whole case set up. The answer further presents certain grounds of objection to the complain ants’ right in equity, of which the defendant asks the same benefit he would have by plea or demurrer. And first, if there has been any failure of title, the remedy is at law, upon the deed and whatever covenants it may contain.
2d. That from the showing of the bill there was no failure of title to any part of the land, while the' grantees or their heirs had any interest, legal or equitable, in the 800 acres.
3d. That if there had been a failure of title to the 800 acres, that would not furnish aground for re-payment of the $2,500, inasmuch as there remained 2025 acres, which, at the contract price, was more than equal to the payment so made. The answer further insists, that so far as the proceedings under the mortgage are claimed to be void for any pretended want of parties or other irregularities, no case is made by the bill to impeach them.
That if the balance of the purchase money had been paid' before the decree of Townsend, he could have extinguished Townsend’s claim, and had a surplus. He also relies on the great lapse of time in bar of relief, and upon the statute of limitations.
This is but a slight notice of the mass of materials found in the case. But it contains, I believe, all that is needed to show the basis of our decree. Upon the evidence produced we have not found the fraud charged in the bill, fraud such as should *604 set aside the decrees upon the mortgage, or rescind the contract and direct a re-payment of the purchase money and interest.
Nor do we find at this time, in the heirs of William & Lewis Bush, the right in equity which once clearly existed, to rescind the contract or set aside the deed, because of the failure of title to the 800 acres. The heirs were parties, according to outlaws, to the proceedings of Mills on the mortgage, and to the bill in equity of Townsend at the same time pending for the recovery of the 800 acres. And though only parties by publication, and it may be without any actual knowledge of the pendency of these proceedings, still the proceedings were sufficient to pass the fee of the lands, no adequate defence having been made at the time. And if all who are made parties, in whatever mode, are to be regarded as in Court, the defence should have been made while the proceedings on the mortgage were pending. The neglect or omission to claim then, a right to abandon the purchase, must be regarded now as a waiver of the claim. From this it would seem, that the complainants would not be entitled to relief under their bill as originally framed. Can they have any remedy in the state of facts as they appear in the case, and if so, can it be granted under the bill as amended ?
The sale of the land made to Wm. & Lewis Bush, was of 2825 acres, and a sale at $1 5.0 an acre. For this quantity a deed in fee simple was executed. What covenants that deed contained,* cannot with accuracy be known. It ought, in accordance with the terms of sale, to have been such a deed as would secure a right to the number of acres actually sold, and sold for a fair price. And the facts of the case, as the contents of the deed cannot be proved, warrant the presumption, unless Mills intended at the time to perpetrate a fraud, and escape the legal consequences of his contract, that he conveyed the land by a deed in such form as to secure the obvious rights of the purchaser. When, therefore, the title to 800 acres of the tract, failed by Townsend’s decree of 1825, the right existed to recover back at law, the purchase money to that extent. But as the *605 deed was lost, the party injured had a right to proceed in equity for redress. '
It is not perceived how the re-purchase by Mills at the iff’s sale could destroy either the legal or equitable claim of the heirs. In an action at law upon the covenants of the deed, it would have furnished ho defence. ' And in point of equity, the heirs lost the benefit of a fair sale Of their land, for if 800 acres were to be withdrawn from the tract, or, as the result of the pending proceedings, likely to be withdrawn, no one could be expected to bid as much as for an undisputed title to the whole.
The statute of limitations would not have been against all the complainants, a bar to proceedings at law upon the deed, when this bill was filed. Viewing the trust reposed in Mills, the dealings of the parties, and the peculiar train of facts appearing throughout the case, the complainants are not to be charged with laches that should defeat their claim in equity ; and this claim in the opinion of the Court may be secured under the present bill and amendments.
There will consequently be a decree against Mills for the repayment of the purchase money of the 800 acres, with interest from the date of Townsend’s decree in 1825. From this sum will be deducted, however, the sums paid by Mills to the heirs of Lewis Bush. And as William Bush devised to Harriet Brown, who is made defendant, 100 acres of the tract, she is to receive a part of the purchase money directed to be repaid, in proportion to her share in the tract.