Bigelow, J.
This action is founded on the Rev. Sts. c. 109, § 78. It is somewhat remarkable, that although a similar statute has been in force in this commonwealth for nearly sixty years, no case has before arisen which has directly called on this court to decide any question growing out of its provisions.
Several exceptions were taken to the rulings of the court at the trial, but by far the most important one relates to the instructions given to the jury as to the amount of evidence upon which they might rightfully find a verdict of guilty against the defendant. In the consideration of this question, it is quite obvious, that there is no rule or precedent directly applicable to the case. The cause of action is created by statute; it had no existence at common law; It therefore becomes necessary to seek out such analogies as may enable us to determine the important question presented for our con *201 sideration upon grounds which shall be in harmony with the fundamental principles of our jurisprudence.
In the first place, it is quite material to understand the precise nature of the action to which the defendant is called to answer. By reference to the statute, it will be found that it is a special action on the case, the gist of which is the false answer, under oath, of the defendant, knowingly and wilfully made in his examination on the trustee process. Upon the proof of this falsity, the right of the plaintiff to recover entirely depends, and if proved, the defendant is rendered liable to consequences, which are highly penal.
This being the nature of the action, it is important in the next place to consider the duties and obligations enforced by the statute on a person summoned as trustee in the original process. And it cannot be denied that in some respects the law fastens on him an onerous duty. Although he is commonly a mere depositary or stakeholder of the goods and effects of others, he is yet compelled to appear in a suit, in which he can be supposed to have no personal interest, and to disclose on oath the exact state and condition of his dealings and accounts with the principal defendant. The obligation thus imposed is not unfrequently attended with serious difficulties and embarrassments. A trustee cannot always have the best means of making accurate answers. He may be unable to settle his accounts with the principal defendant, and may therefore be under the necessity of stating them without the aid of the party with whom he originally dealt, and without the best opportunities for accurate statement and precise adjustment. Under such circumstances a very honest man, through, inadvertence or misapprehension, might make serious errors and misstatements in his answers. Besides ; his own statements, although conclusive on the rights of parties in the trustee process, may be contradicted by the principal defendant in the ulterior proceedings founded on the provisions of the statute on which this action is brought, so that it might happen, from misunderstanding or ill will on the part of the principal defendant, that his oath would be directly opposed in material particulars to the oath of the trustee. *202 Now, when it is considered, that for the truth of all his answers and statements the statute under consideration holds the trustee to the strictest responsibility, it is certainly most just and reasonable, that the same protection, which the law has provided for those who are called on to testify as witnesses or answer as parties, under oath, in judicial proceedings, should likewise be extended to him. Indeed, it has already been held by this court, that in most respects a trustee stands in the character of a witness. Crossman v. Crossman, 21 Pick. 25.
By the well settled rules of law, there is a class of cases which do not come within the general principles of evidence, but which must be proved by a greater amount of testimony than is ordinarily required to establish a case in a court of justice. Whenever a false oath is the gist of the matter to be proved, or it becomes necessary to control the statement of a party who is compelled to answer under oath allegations made against him, something more than the testimony .of a single witness is necessary to constitute legal proof. The reason for this rule is consonant to the plainest dictates of justice. The law attributes such force and effect to the oath of every man given in the course of judicial proceedings, that it cannot be overcome or outweighed, to his prejudice, by the simple, naked, unsupported oath of another person. In such cases there is oath against oath; the scale of evidence is exactly balanced, and something more is necessary to destroy the equilibrium, which must be done by other witnesses or corroborating testimony. So strictly was this rule formerly held, that in proof of the crime of perjury two witnesses were necessary; and although, by the course of modern decisions, this rule is now modified, it is still essential, that the oath of the opposing witness should be corroborated by independent evidence of such a character as clearly to turn the scale and overcome the oath of the defendant. United States v. Wood, 14 Pet. 440; Commonwealth v. Parker, 2 Cush. 212. Nor is the application of this rule confined, as was suggested in argument by the counsel for the plaintiff, to criminal cases. In an action of slander for accusing a party of perjury, in order to sustain the defence of justification on the ground *203 of the truth of the charge, the same amount of evidence is required as on the trial of an indictment for perjury to warrant a conviction of the defendant. 2 Greenl. Ev. § 426; Woodbeck v. Keller, 6 Cow. 118; Roberts v. Champlin, 14 Wend. 120.
And so entirely does the same rule as to the amount of evidence to prove perjury apply to civil and criminal cases, that by the common law and practice in England it has long been held, that in an action for slander for charging the plaintiff with perjury, a verdict of a jury in favor of the defendant on issue joined on a special plea in justification, on the ground of the truth of the charge, is of itself equivalent to an indictment, and has the same effect as if found by the grand inquest, it being, in the pointed language of Buffer, J., “ strong to show that what is said in a civil proceeding may be taken as the foundation of a criminal one.” Rex v. Jolliffe, 4 T. R. 293. 1 Chit. Crim. Law, 165. And this furnishes us with a striking analogy to the case at the bar, because, by the statute, the same falsity, which would make the defendant liable civilly, would also subject him to punishment criminally.
The same principles of evidence apply with equal force and for like reasons to answers in chancery, in regard to which the rule is well settled, that something more than the testimony of a single witness is necessary to establish any material fact alleged in the biff, which the defendant denies on oath, and without such corroborating evidence, the bill will be dismissed. Cook v. Jackson, 6 Ves. 40.
The rule of law thus recognized and established is so mucti in harmony with the spirit of English and American law, that the English statutes in relation to treasons (5 & 6 Edw. 6 c. 11, & 7 Wm. 3, c. 3, § 3,) the provisions of the constitution of the United States (Const, of U. S. art. 3, § 3,) and of our own statutes (Rev. Sts. c. 124, § 4,) requiring two witnesses to the same overt act, had their origin in the principle, that this testimony of one witness was insufficient to overcome the oath or duty of allegiance of the accused party.
Upon a careful consideration of the nature of this action, and of the principles of the law of evidence, which govern *204 analogous cases, we are all very clearly of opinion, that the exception on this point is well taken. The refusal of the judge to instruct the jury, that the defendant could not be found guilty on the testimony of one witness only, was unwarranted, and consequently the instruction given, that if the jury were satisfied on the testimony of one witness only, that the answer of the defendant on the scire facias was knowingly and wilfully false, it was sufficient to justify a verdict of guilty, was equally erroneous. Upon the principles and for the reasons already stated, we think that the defendant was entitled to have full force and effect given to his answer under oath; that it could not be overcome by the testimony of a single witness, and that further proof, either direct or circumstantial, was necessary to prove the falsity of the answer, and to warrant a verdict of guilty. The verdict must, therefore, be set aside, and the case remanded for a new trial.
One other exception was taken to the ruling of the judge, which it may be well to dispose of, inasmuch as the same question may arise at another trial. It appears, that the defendant made his answer, on the scire facias, under oath before any interrogatories were put to him, and that the matter charged as false in the plaintiff’s declaration in this action was contained in that answer. The defendant now contends, that although he made the answer on oath, yet he was not required so to do by the statute, and that he is only liable in this action for false statements made in answer to interrogatories. It is true, that the language of the statute is that he shall be liable for false statements in “ his examination on oath.” But if a party comes into court either in the original suit, or on scire facias, and voluntarily makes answers under oath, instead of filing Ms general answer or pleading to the action, which answers are material to the question of his liability as trustee, they constitute a part of his examination, and come within the clear meaning of the statute. By his own act the trustee waives all interrogatories, and it would be but a useless and idle ceremony to require them to be put. It is none the less an examination because voluntarily given, in *205 stead of being drawn out by a series of interrogatories. In this respect, we think the ruling of the court below was correct, and this exception must be overruled. The other exception, founded on a supposed variance between the allegata and probata, falls with it. Verdict set aside