## LEWIS v. GARRETSON.

1. **Evidence:** DEGREE OF PROOF: CRIMINAL ACT. In a civil action only a preponderance of evidence is required to establish a fact, though it is the doing of an act which constitutes a crime. Following *Welch v. Jugenheimer*, *ante*, 11.

*Appeal from Iowa Circuit Court.*

SATURDAY, JUNE 11.

ON the 1st day of December, 1875, W. B. Spencer and P. C. Dillon executed to H. F. Garretson, or bearer, their promissory note for $527.00, due six months after date. On the back of said note is the following indorsement:

"May 30th, 1876. Notice of demand and protest waived.
                                        G. P. ENGLEBECK."

The defendant, Garretson, upon a separate piece of paper guaranteed the collection and payment of this note as follows:

"VICTOR, IOWA COUNTY, IOWA, JAN. 14, 1876.
"This is to certify that I hereby guarantee to Geo. F. Lewis the collection, without any cost or charge to him, and the payment in full to him of a certain promissory note made by Wm. B. Spencer and P. C. Dillon, for the sum of $527.00, with interest at ten per cent. per annum, dated December 1st, 1875, payable six months after date, according to the true intent and meaning of said promissory note, as indorsed by Geo. P. Englebeck.                        H. F. GARRETSON."

Lewis v. Garretson.

The plaintiff alleges that he is the owner of the promissory note, and thereon, and upon the guaranty above set out, he sues. In an amendment to the petition it is alleged that Englebeck indorsed his name on the note, as a guarantor, on the 14th day of January, 1876, before the sale of said note to the plaintiff. The defendant, for answer, amongst other defenses, alleges that on or about the 14th day of January, 1876, Englebeck signed his name in blank on the said note; that afterwards the words: "May 30th, 1876. Notice of demand and protest waived," were written above his signature, without the knowledge and consent of Englebeck, and increased his liability, by reason whereof he was released from all liability on said note; that Englebeck guaranteed the payment of said note prior to the guaranty of defendant, and that defendant's contract was not a part of the same transaction, and that the release of Englebeck releases defendant.

The plaintiff replies, admitting that Englebeck indorsed said note prior to the making of the contract by Garretson, and that the words over Englebeck's name were placed there at the date thereof, but denying that the same was done without Englebeck's consent and authority.

There was a jury trial, resulting in a verdict for plaintiff for $698.71. The defendant appeals.

*T. P. Murphy,* for appellant.

*Hedges & Alverson,* for appellee.

DAY, J.—It is apparent from the foregoing statement that it was a material inquiry whether the words above Englebeck's signature were written without authority or consent, and under such circumstances as would discharge him from liability upon his guaranty. Upon this branch of the case the court instructed the jury as follows:

"3. If you find from the evidence that the writing over the name of Englebeck, on the back of the note, and dated May

30, 1876, was done by the plaintiff after the name of Englebeck was indorsed upon the note by him, and that the same was done without his knowledge and consent; and you further find that the name of Englebeck was indorsed upon the note at or before the time that the same was sold to the plaintiff and the defendant executed the written guarantee introduced in evidence before you, this would be such an alteration as would release the said Englebeck, and also defendant, from any liability in this case on the note or guaranty. And if the writing was put over the name of Englebeck after he indorsed the same, and whilst in plaintiff's possession, it is incumbent upon the plaintiff to explain the alteration, if any.

"4. But you will not be justified in finding that the note was altered as to the indorsement of Englebeck, falsely, with intent to defraud, by writing over his name words increasing the liability of said Englebeck, unless you are satisfied beyond a reasonable doubt that the same was true, and a preponderance of evidence is not sufficient to establish a forgery, or release a party on the ground of a forgery."

The 4th instruction is erroneous, and the giving of it, under the issues involved, was prejudicial to the defendant. See *Welch v. Jugenheimer, ante,* p. 11. The sufficiency of the evidence to support the verdict, and the other errors assigned, we need not consider.

REVERSED.