THE PEOPLE OF THE STATE OF NEW YORK, RESPOND-
ENT, *v.* WILLLIAM E. BRIGGS AND BERNARD McQUADE,
APPELLANTS.

*Action to recover a penalty for selling oleomargarine, in violation of chapters* 183 *and
458 of* 1885 — *the defendants are bound to prove that it was manufactured before
the passage of the act — the jury need not be satisfied beyond a reasonable doubt of the
violation of the statute — conclusive evidence, construed to mean* prima facie *only.*

Upon the trial of this action, brought for the recovery of a penalty of $500,
   imposed by section 19 of chapter 183 of 1885, for the violation of section 7 of
   that act, as amended by section 2 of chapter 458 of the same year, no evidence
   was given to sustain the averment in the complaint that the oleomargarine,
   manufactured and kept for sale, was not manufactured or in process of manu-
   facture at the time the act went into effect.

*Held,* that this proof was not required to sustain the plaintiff's action. That as it
   was proved that the defendants had the prohibited article on hand designing and
   intending to sell it, or offer it for sale, in violation of the statutes, at the time of
   the commencement of the action, and after the enactment of the statute, it
   could be inferred from those facts, in the absence of any explanation on the part
   of the defendants, that the article was neither manufactured, nor in process of
   manufacture, at the time of the passage of the act.

Upon the trial the court charged the jury "the plaintiffs took upon themselves
   the obligation to satisfy you, by a preponderance of evidence, that the defendants
   had violated one or the other of these sections" of the act, and refused to charge,
   as requested by the defendants, that the jury must be satisfied, beyond reasonable
   doubt, of the violation of the statute."

*Held,* that it did not err in so doing.

The cases in the Supreme Court of the United States, and the cases of this and
   other States and of England, cited and considered by DANIELS, J.

*Held,* further, that while the act declared certain facts to be conclusive evidence of
   a fraudulent intent, it was not designed by the use of that term to deprive the
   defendants of their right to overthrow it by proof on their part, as it was not
   to be supposed that the legislature intended by the use of that term to give more
   than a presumptive effect to the facts to which it relates.

APPEAL from a judgment in favor of the plaintiff entered upon
the verdict of a jury.

The complaint alleged the sale on May 25, 1885, by the defend-
ants of a product not made from milk or cream, which it was
alleged was in imitation of dairy butter, and contained coloring
matter whereby it was made to resemble dairy butter; and it was
further alleged was not a product manufactured or in process of
manufacture on April 30, 1885.

The court after reviewing the evidence and construing the sections of the statute under which this action was brought, to which part of the charge no exceptions were presented on this appeal, charged the jury as follows: "Upon all of these issues, the plaintiffs took upon themselves the obligation to satisfy you by a preponderance of evidence that the defendants had violated one or the other of these sections in the particulars named. The action is, as has been stated to you, of a penal nature, it is not, however, a criminal case. I charge you further, however, inasmuch as the same offense which you have been trying, does constitute, by the law of this State, a crime, that there exists always a presumption of innocence, that is to say, in this case the law presumes that no man violates any of its provisions. This, however, is not such a presumption as to require, when the action is peculiarly a civil action, though for a penalty, the people to establish the case beyond a reasonable doubt. If the people have maintained their case by preponderance of credible evidence it is sufficient." Defendants' counsel excepted to that part of the charge above quoted which stated that a preponderance of evidence on the part of plaintiff is sufficient. Defendants' counsel then requested the court to chage the jury that they must be satisfied beyond reasonable doubt of the violation of the statute alleged against defendants before they could find against defendants, and excepted to its refusal to so charge.

*Albert Reynaud,* for the appellants.

*Edward B. Thomas and William P. Quin,* for the respondent.

DANIELS, J. :

The action was for the recovery of a penalty of $500, imposed by section 19 of chapter 183 of the Laws of 1885, for the violation of section 7 of the act as it was amended by section 2 of chapter 458 of the Laws of the same year. The evidence at the trial sufficiently proved the allegations of the complaint to sustain the verdict of the jury finding a violation of these statutory provisions by the defendants. But no evidence was given to sustain the averment in the complaint that the article manufactured and kept for sale was not manufactured or in process of manufacture at the time when chapter 183 of the Laws of 1885 went into effect. But this proof was not required

to sustain the plaintiff's action, for the law without the declaration contained in section 21 of chapter 183, would not apply to acts done prior to its enactment. And if the legislature had provided otherwise it would to that extent have violated the provision of the constitution forbidding the enactment of *ex post facto* laws. The case was, therefore, presumptively made out by proving that the defendants had the prohibited article on hand designing and intending to sell it or offer it for sale in violation of the statute. It was found in this condition in their possession prior to the time of the commencement of the suit and after the enactment of the statute and it could be inferred from these facts, in the absence of any explanation on the part of the defendants that the article was neither manufactured nor in process of manufacture at the time of the passage of the act. If the fact were otherwise, the proof of it would be naturally within the power of the defendants and not accessible to the prosecution. They knew from what source it had been obtained and where the proof could be procured to show its previous manufacture or process of manufacture, and should have produced it if they could in that manner exonerating themselves from liability under the last section of the act. And they were apparently the only persons having the ability to prove the fact if it in truth existed. And where that is the nature of the case, the proof is required to be supplied by the defendants and not by the plaintiff. (*Harris* v. *White,* 81 N. Y., 532, 546–548; *Schwab* v. *People,* 4 Hun, 520; *People* v. *Kibbler,* 8 N. Y. S. Rep., 707.)

A graver question arises in the case upon the exception taken to the refusal of the court to charge the jury that they must be satisfied, beyond reasonable doubt, of the violation of the statute alleged, before they could find against the defendants, and authorities have been copiously cited in support of this exception. These authorities declare the rule to be, where a civil action is brought for the recovery of a penalty, or where the defense in a civil action is dependent upon an act made the subject of punishment by indictment, that the evidence in support of it must be equally as conclusive as that which would sustain a conviction under an indictment. They seem to have had their origin in the early English decisions, which probably followed the principle of the common law not now observed, permitting the accused to be placed upon his trial for a criminal offense

where his guilt had been established and found as a fact in a civil action. (1 Chitty Crim. Law, 164.) The requirement of this degree of proof was made in *Thurtell* v. *Beaumont* (1 Bing., 339). In that action, which was for the recovery of moneys under an insurance, the defense rested upon the allegation of a willful destruction of the property by fire by the plaintiff and the court held that it could only succeed by proof establishing the fact beyond a reasonable doubt. The same ruling was followed in *Willmett* v. *Harmer* (8 Car. & Payne, 695), which was an action for a libel, where the crime of forgery was alleged by way of defense. The same disposition was made of the point in *Chalmers* v. *Schackell* (6 id., 496) where the offense of bigamy was alleged in answer to an action for a libel. But these and other similar cases do not seem to have been followed in the more recent consideration of this subject in England. For in *Cooper* v. *Slade* (6 House of Lords, 746) the decision proceeded upon the theory that proof satisfactory to the jury was sufficient to establish the bribery there alleged, although it was made by statute a criminal offense. The point was not specially dwelt upon, it is true, but it was involved in the case. And so far as it was considered the requirement of these earlier authorities was not followed. In the States of Illinois, Ohio, Indiana, Pennsylvania, Tennessee and Vermont this measure of proof has been exacted where it became necessary to establish an indictable act either to support or defeat a civil action. (*McConnel* v. *Delaware Ins. Co.*, 18 Ill., 228; *Lexington Ins. Co.* v. *Paver*, 16 Ohio, 324; *Strader* v. *Mullane*, 17 Ohio State, 604; *Wonderly* v. *Nokes*, 8 Blackf., 589; *Steinman* v. *McWilliams*, 6 Penn., 170; *Gorman* v. *Sutton*, 32 id., 247; *Coulter* v. *Stewart*, 2 Yerger, 225; *White* v. *Comstock*, 6 Vt., 405.) And without either discussing or considering the point upon authority it has been followed in the same manner in the Supreme Court of the United States. (*United States* v. *Brig Burdett*, 9 Peters, 682, 690; *Chaffee* v. *United States*, 18 Wall., 517.) But the application of the rule has been refused upon an information for the condemnation and forfeiture of tobacco in *Lilienthall* v. *United States* (97 U. S., 237, 266–268). While in the States of Massachusetts, New Hampshire, Wisconsin, New Jersey and Iowa the rule has been as distinctly asserted to be the other way, and that no more than a satisfactory preponderance of the evidence can be

required to prove the fact when it has been put in issue only in a civil action, as an action for a penalty must be held to be. (*Hoyer* v. *Town of Mascontah*, 59 Ill., 137 ; *State* v. *Hayden*, 32 Wis., 663.)

The extreme rule of evidence insisted upon by the defendant's counsel was considered to be necessary in *Berckmans* v. *Berckmans* (17 N. J. Eq., 453) and *Taylor* v. *Morris* (22 id., 606, 612). But that seems to have been reconsidered by the Court of Errors and Appeals on a thorough and elaborate examination of the authorities in *Kane* v. *Hibernian Insurance Company* (39 N. J. L., 697), where it was finally held that this measure of proof could not be required for the establishment of a criminal act in a civil suit. The law passed through the same vicissitude in the State of Wisconsin where it was held in *Freeman* v. *Freeman* (31 Wis., 235) that proof beyond a reasonable doubt should be given before the jury could find the fact to be maintained. But *Blaeser* v. *Milwaukee Insurance Company* (37 Wis., 31) this rule was departed from, and a convincing preponderance of the evidence was considered to be all that could be exacted. In *Lewis* v. *Garretson* (56 Iowa, 278) ; *Welch* v. *Jugenheimer* (Id., 1) ; *Hitchcock* v. *Munger* (15 N. H., 97) ; *Gordon* v. *Parmelee* (15 Gray, 413) and *Sperry* v. *Wilcox* (1 Met., 267), a satisfactory preponderance of proof was considered to be all that could be required of parties alleging and controverting a criminal act in a civil suit. And that would seem to be most consonant to the nature and object of the proceeding. For it is not to punish the party for an offense committed by him, but to determine a private right in accordance with the existence of the fact the evidence may be found to establish. The result imposes no punishment upon the party. It simply defeats his action in one class of cases, or subjects his property to seizure or his person to arrest in the other. And where an arrest may be made on execution it is not to punish the party arrested, but to coerce by the arrest the payment of the amount recovered by the judgment. While in a prosecution by indictment the entire end and object of the proceeding is punishment, either by way of fine or imprisonment, or both, as the law may provide. And there is great propriety in the latter class of cases for requiring a measure of conclusiveness in the nature of the proof which cannot be reasonably exacted in the other. The authorities in this State demand the same description of evidence which

is necessary to prove the criminal charge. Where the allegation of the commission of the crime of perjury has been relied upon, it must be maintained by the evidence either of two witnesses or of one with circumstances added equivalent to the evidence of another. But it has not been held where this exaction has been complied with that the proof must be convincing beyond all reasonable doubt. ( *Woodbeck* v. *Keller*, 6 Cow., 119 ; *Roberts* v. *Champlin*, 14 Wend., 120 ; and *Clark* v. *Dibble*, 16 id., 601), which from a remark made in the course of the opinion, lend some support to the rule insisted upon by the defendants counsel. The cases of *Commissioners of Pilots* v *Clark* (33 N. Y., 251) and *Stearns* v. *Field* (90 id., 640), included no criminal charge whatever, and they are inapplicable to this controversy. While in *Johnson* v. *Agricultural Insurance Company* (25 Hun, 251) this precise point was presented for decision. And the court, after considering the authorities in this State, held that the position taken by the defendants counsel in the present action could not be sustained, but that a preponderance of evidence was sufficient for all the purposes of the action. In *New York Guaranty, etc., Company* v. *Gleason* (78 N. Y., 503) the right alleged and considered depended to a great extent upon the charge that the defendants were engaged in a conspiracy to forge bonds and put them upon the market to defraud persons advancing money on the faith of them. And at the close of the trial the court was asked to charge the jury that if they found from the evidence that there was any doubt about the fact that Rolston's bank-book, or the fact that the envelope with A. H. Palmer on it was found in Gleason's safe, they should disregard Pinkerton's evidence as to these facts. It was said, in answer to the objection taken to the refusal to so charge, that the judge " had already fairly instructed the jury upon the matter of doubt ; " and had instructed them " that if they had any doubt about any matter to give the benefit of the doubt to the defendants. This was more favorable than the defendants could legally require in a civil action. In such an action the plaintiff is not bound to establish any fact so clearly that it shall be free from doubt. All that is required of him is that he shall satisfy the jury by a preponderance of evidence, and he is never called upon to free their minds of all doubt." (Id., 513.) This case is also reported in

7 Abbott's New Cases (334), where it has been followed by a note of the reporter citing many of the authorities in support of and opposed to this rule. The latter authority may not be entirely decisive of the question; but, with those more especially considering the point taken from the reports of the courts of Iowa, New Hampshire, Massachusetts, New Jersey and Wisconsin, may reasonably be held to sustain the law as it was administered at the trial. For in a civil action, brought to recover a debt, to enforce a forfeiture or collect a penalty, where the result of a litigation can only affect the property of the party or the freedom of his person, by way of enforcing payment of the recovery, the same degree of stringency by way of proof cannot reasonably be exacted as the law has at all times required to establish the commission of a crime, where the consequences are far more serious and the punishment is direct and in most cases severe. If the degree of proof contended for on the part of the defendants should be required, it would necessarily be co-extensive with the whole class of legal controversies in which a civil action could be made dependent in any form on the commission of a criminal offense. The rule would be so widespread as in many cases to jeopardize and defeat private rights; and a decided circumstance against its existence is that in the large class of cases where it might be applied, if it were well founded, it has not been observed or in any manner brought into consideration.

There was no deficiency in the statement of the case in the complaint, neither was there in the proof, to establish the cause of action; and no greater effect was given to the facts than they were entitled, as evidence, to receive. While the act declared certain facts to be conclusive evidence of a fraudulent intent, it was not designed by the use of that term to deprive the defendants of their right to overthrow it by proof on their part. The word was not well selected; but it is not to be supposed that the legislature intended by the use of it to give more than a presumptive effect to the facts to which it relates.

There is no ground in the case on which the disposition of it at the circuit can be changed, and the judgment should be affirmed.

Van Brunt, P. J., and Brady, J., concurred.

Judgment affirmed.