[No. 5534.]
[No. 3209 C. A.]

## GILETTE ET AL. v. YOUNG ET AL.

1. **Appeal—When the Facts Will Be Examined**—A verdict upon conflicting evidence, under proper instructions, will not be reviewed.—(564)

2. **Building Contract—Waiver of Damages**—A contract for the erection of a building provided that if the brick work was not completed within forty days, the owners should be entitled to a penalty of $25.00, for each day of the delay. Another provision authorized the owners, in case of default, to give forty-eight hours notice, and thereupon complete the work themselves, deducting the cost from the contract price. The owners gave the required notice before the expiration of the forty days' limit, and then waited thirty days after the expiration of the forty days' limit before doing the work. It was held that they had waived their right to recover the stipulated penalty for the delay; that the contractor was, by the notice, advised and entitled to believe, that the owners would promptly complete the work, and that it would be unreasonable. to charge the contractor with this long delay.—(565)

The owners having availed themselves of the right which the contract conferred, to complete the work alleged to be unfinished, the owners are not to be heard to allege that they were not obliged to do so, or that the contractor had abandoned his contract.—(565)

3. **Building Contract—Defective Performance**—The owner is not entitled to complain of a defect to which the attention of the superintendent was called while the work was in progress, which might then have been remedied at slight expense, and of which he did not then complain.—(566)

4. **Pleading—Estoppel—Failure to Plead—Waiver**—Where the defendant himself gives the evidence which warrants an estoppel upon him, without in any respect restricting it to any particular issue, he will not be heard to complain that the estoppel was not pleaded.—(566)

*Appeal from Logan District Court*—Hon. E. E. ARMOUR, Judge.

Messrs. MUNSON & MUNSON, for appellants.

Messrs. ALLEN & WEBSTER, for appellees.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This action by the contractors, under a builders' contract for doing brick work on a building, against the owners, is in the usual form, alleging its completion according to contract, and a failure of defendants to pay the balance due. The answer denied that the contract was performed, alleging the particulars wherein the work was unfinished, and denied that a balance was due. The answer also has two counter-claims, the first for $658.00, $600.00 of which is alleged to be due on account of delay in the completion of the building, for which there was a stipulation in the contract of liquidated damages of $25.00 a day, and $58.00 for defendants' expenditures in completing the work on the building, which they were obliged to do, because, as they say, plaintiffs abandoned the contract before all the work was done. The second counter-claim is for $500.00 alleged to be due as damages because defendants say one of the piers of the building is out of "plumb." New matters in the answer were denied in the replication. Upon a trial to the court and a jury, there was a verdict for plaintiffs in the sum of $219.00. Defendants appealed.

It is substantially true that the numerous errors which have been assigned and argued by appellants cover almost every ruling of the trial court. To consider them in detail would unduly prolong the opinion. We shall discuss only a few propositions which we consider controlling, and not take up all of the prolix assignments. It is conceded that, if plaintiffs substantially performed the contract on their part, they were entitled to recover the sum of $315.00, less any cost to defendants for work they did after plaintiffs left the premises. Upon the con-

troverted issue of substantial performance, upon conflicting evidence and under appropriate instructions, the jury found for plaintiffs, and we cannot interfere with their finding. Some technical errors in the rulings may have crept in, but a careful examination of the record satisfies us that they were not prejudicial to defendants. Indeed, we think plaintiffs might justly complain that the amount of the verdict returned was too small.

The court withdrew from the jury the question of damages which defendants set up under their two counter-claims, upon the ground that, under the uncontradicted evidence, they were not entitled to recover. This ruling of the court is vigorously attacked by defendants, and presents the only important question.

The ruling with respect to the item of $600.00 for delay, set up in the first counter-claim, was, under the facts of the case, entirely proper. There was no controversy as to the item of $58.00 mentioned in that counter-claim, and the jury evidently gave defendants allowance therefor. The contract contained a provision, if the brick work was not completed within forty working days, that defendants should be entitled to a penalty of $25.00 per day for every day over that time, as liquidated damages. We think the brick work was substantially completed in accordance with the contract within the time specified. But if not, defendants, by availing themselves of another provision in the contract to complete the brick work themselves, which consisted of shoring up the building and remedying a pier that had cracked, removing debris, &c., which consumed about a day and a half, at an expense of $25.00, and which was awarded to them by the jury as part of the item of $58.00, have lost the right to claim damages for delay. The contract provided that, if plain-

tiffs failed to finish the brick work within forty days, defendants, by giving plaintiffs forty-eight hours' notice, might complete it themselves, and deduct from the contract price, or the amount that might be still due plaintiffs, the cost of doing such unfinished work. Defendants gave this notice thirteen days before the forty days expired, and then waited thirty days after the forty-day limit before they did the work. It would be unconscionable and unreasonable to hold plaintiffs for this delay. They were led to believe, and rightly believed, that defendants had elected promptly to finish the brick work, if it was not then completed, and to charge plaintiffs with its cost. It is shocking to a sense of justice to say that defendants might delay this unfinished work for thirty days after the forty-day period had expired, and then claim damages for the delay, when they could have done the work, and, in fact, did do it, in a day and a half, and at a small cost. Since the jury, by their verdict, fully compensated defendants for all the expense to which they were put in completing the contract, we think the action of the court in withdrawing the claim of $600.00 for delay was eminently fair.

The further point defendants make that they were not obliged to do the finishing work may, as an abstract proposition, be true. But defendants elected to avail themselves of the right and did, as a matter of fact, complete the entire contract, brick work and other things, as they say, at a total cost of $58.00. They are not in a position to insist that they were not obliged to make the election. Having done so, and having recouped for the expenditure which they made and having had the same allowed them by the jury, they cannot now be heard to say that the plaintiffs abandoned the contract on their part.—*Murphy v. Buckman,* 66 N. Y. 297.

The pertinent evidence as to the second counter-claim is, that defendants were copartners engaged in the banking business, and as such employed plain-tiffs to do brick work on a building which they were erecting. One of the defendants was the superin-tendent of construction, and under the contract had authority to direct the manner of the work, and power to order a change therein, and to reject im-perfect or unsuitable work. The second counter-claim for $500.00 is because one of the piers of the building is out of "plumb." It does not impair the strength, but defendants say it affects the appear-ance of the building. While this pier was being con-structed, defendants' superintendent's attention was called to the same, but he reached the conclusion, which he did not impart to plaintiffs, not to complain of it, or reject it, or claim damages for it, if the remainder of plaintiffs' work was satisfactory. At that time the defect, if any, could easily have been remedied at a very small cost, and, while plaintiffs disclaim responsibility for the condition of the pier, and assert that it does not materially affect the ap-pearance of, or weaken, the structure, they say, in any event, that the superintendent's own act and conduct constitute an acceptance of the same, and that a counter-claim for damages by reason of the alleged defect will not lie. We think the court was right in withdrawing this question from the jury. The principal point, however, made by defendants, is, that in their replication, there was no plea by plaintiffs of waiver or estoppel which, under the rule in this state, is essential. While such is our practice, we think the rule is not applicable to the facts of this case. The evidence which proved waiver or estoppel was furnished by the defendants themselves in their attempt to prove their counter-claim. It was elicited by them and no request was

made that it should be restricted to any particular issue. The court instructed the jury to disregard this counter-claim. Defendants' objection thereto was general, no reason being specified. In the motion for a new trial, there was again only a general objection to this ruling, and the point was not then, or at any time, made or called to the attention of the trial court, and not until argument here that evidence of waiver and estoppel was inadmissible because of the absence of appropriate special pleas. For these reasons, we must sustain the ruling of the trial court with respect to the second counter-claim.

In addition to the foregoing, it is fitting to say that under the evidence, we do not see how the verdict could have been otherwise, unless it should have been for a larger sum for plaintiffs. In no event, even under the evidence produced by defendants themselves, could a verdict or judgment in their favor be allowed to stand.        *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE WHITE concur.