[No. 6568.]

## BRUNTON v. DITTO, ADMINISTRATOR.

1. APPEAL—*Verdict on Conflicting Evidence*, will not be reviewed on appeal—(179).

2. APPEAL—*Transcript of Record—Original Documents*—Action upon a promissory note. The defendant prevails upon the ground of an alleged fraudulent alteration. The paper itself is presented at the trial below, and witnesses are examined as to its appearance. If the defendant would have a review of the judgment for the insufficiency of the evidence as to the alleged alteration he must bring up to this court the original paper—(180).

3. INSTRUCTIONS—Where in an action upon a promissory note the defense is fraudulent alteration, instructions which make it plain to the jury that they can find for the defendant only upon a clear satisfactory preponderance of the evidence are sufficient.

The refusal of instructions prayed which announce that the evidence must be "strong," "convincing," "indubitable," and the like, is not error—(180).

*Error to Gunnison District Court*—HON. SPRIGG SHACKLEFORD, Judge.

Mr. J. M. McDOUGAL and Mr. WILLIAM JOYNER for plaintiff in error.

Mr. DEXTER T. SAPP for defendant in error.

Mr. JUSTICE WHITE delivered the opinion of the Court:

Plaintiff in error seeks to recover, from the estate of John E. Brothers, deceased, the sum of $950.00, together with interest thereon, less $7.50 paid January

12, 1907, as evidenced by an alleged promissory note of deceased bearing date January 2, 1907. The claim was presented to, and rejected by, the administrator, defendant in error herein. Thereafter, a trial was had in the county court, resulting in judgment in favor of the estate, from which the claimant prosecuted an appeal to the district court, where the case was again tried, resulting in a like judgment. To reverse the judgment, there rendered, the claimant prosecutes this suit.

The defense claimed that the note had been fraudulently altered, after its delivery, so as to read $950.00 instead of $150.00 as originally written.

Neither the claim filed with the county court, nor the alleged note, is embodied in the record, though a copy of the alleged note appears therein.

Plaintiff in error claims that the evidence is wholly insufficient to warrant the verdict, and support the judgment.

A verdict upon conflicting evidence, under proper instructions, and which the trial court has refused to set aside, will not be reviewed in this court. *Gilette v. Young,* 45 Colo. 562. Upon the vital issues in the case, a substantial conflict appears in the evidence. Numerous witnesses testified to facts and circumstances tending to show, and from which the jury could properly conclude, that the note had been fraudulently changed as claimed. One witness testified to a conversation had with the plaintiff in error, long after the alleged execution of the note, and just before the death of the maker thereof, in which plaintiff in error stated that John E. Brothers, the maker of the note, owed her $150.00. Another witness testified to a state of facts showing, or tending to show, that plaintiff in error had in her possession, subsequent to the death of the maker of the note, a bottle of fluid which, when applied, would remove ink from paper. Other witnesses testified, that

the appearance of the note indicated that certain material parts forming the original amount thereof, had been removed by some such liquid. While still others, as experts, testified to the alteration of the note in the respects claimed, and, in their opinion, the changes had been made after the note was originally written. It is true, two witnesses testified to being present when the note was executed and delivered, and that no change had been made therein, but the apparent change was the result of a poor pen and frozen ink. The jury, as it had the right to do, under the circumstances of this case, evidently disbelieved such witnesses in those respects. Moreover, if we were inclined, which we are not, to pass upon the sufficiency of the evidence to support the verdict, we could not do so, as plaintiff in error has failed to embody in the record the very note upon which her claim is predicated. This essential evidence, and its importance, for the purpose of inspection, is readily apparent. The note was before the jury, and they inspected it. It is not before us, and the failure in that respect is through the negligence of plaintiff in error.

Certain instructions requested were refused, and error is assigned thereon. The only difference between the instructions refused and those given, is, that in the former the words "clear," "strong," "convincing," "concise" and "indubitable" are used, as descriptive of the character of evidence essential to establish the fact, that the note in question had been fraudulently altered, whereas, in the instruction given no descriptive words in that respect are found. We think the instructions given made it clear to the jury that they could arrive at a verdict for defendant, only from a clear, satisfactory preponderance of the evidence upon the issues involved, and that such evidence must be sufficient to convince the mind of a reasonably prudent and cautious person. This we think was sufficient, and the instruc-

tions requested and refused, were substantially covered by those given. It devolves upon plaintiff in error to show wherein the judgment is wrong, and having failed therein, it is affirmed. *Judgment affirmed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE BAILEY concur.