HESSIG-ELLIS DRUG Co., Appellant, v. TODD-BAKER DRUG Co., Appellee.

**Contracts:** ALTERATION: GENUINENESS OF SIGNATURE. The genuineness of a signature to a contract is not affected by a subsequent alteration of the contract in a matter not related to the signature.

**Same:** ALTERATION OF INSTRUMENTS: PLEADINGS. The answer to a suit upon a contract which simply denies the identity of the instrument and the genuineness of the signature does not tender an issue of alteration of the instrument; there must be affirmative allegations setting out the unauthorized alteration.

*Appeal from Woodbury District Court.*—HON. F. R. GAYNOR, Judge.

WEDNESDAY, OCTOBER 18, 1911.

ACTION on contract. There was a verdict and judgment for the defendant and the plaintiff appeals.—*Reversed.*

*R. H. Brown,* for appellant.

*A. & J. A. Van Wagenen,* for appellee.

EVANS, J.—The contract sued upon is as follows:

This agreement, made this 4th day of September, by and between Hessig-Ellis Drug Company, of Memphis, Tennessee, the party of the first part, and Todd-Baker Drug Company, of Sioux City, Iowa, the party of the second part, witnesseth:

First. In consideration of the purchase of a certain quantity of the product of the party of the first part by

the party of the second part, said product being known and described as 'Dr. Nott's Cuban Hair Restorer and Tonic,' the amount of said purchase being designated by order given this day and date, and which for the purpose of identification is marked 'A,' now, therefore, in consideration of the faithful fulfillment of the terms of said order 'A,' together with the terms of this contract by the party of the second part, the party of the first part agrees to contract with the Zellner Adv. Agcy., Memphis, Tennessee, for from 10,000 to 20,000 lines agate measure of advertising, speci-fying the Tribune and Journal papers, singly or divided, said advertising to be executed during the twelve months following date of the delivery of the goods described by order 'A' at Sioux City.

Second.    The party of the first part agrees not to sell to any other dealer than the party of the second part in the town of Sioux City, during the term of this agreement, the product known as 'Dr. Nott's Cuban Hair Restorer and Tonic,' but the party of the second part agrees to sell to any dealer in his territory who may be deemed worthy of credit or who tenders cash at the regular net wholesale price, it not being the purpose of either party to this agreement to commit any act in defiance of the federal or state laws regulating commerce.

Third.    It is agreed by and between the parties of the first and second part, and is an element of this agree-ment, that if for any reason the party of the first part should default or commit any breach of this agreement, then it shall be at the option of the party of the second part to at once return all goods unsold at the full invoice price to party of the first part, and the party of the first part, in event of such contingency, agrees to accept any unsold goods described by order 'A,' and will remit on receipt of same.

Fourth.    It is further agreed by and between the parties to this agreement that only the mailing list of the party of the second part shall be used in the distribution of booklets or circulars or any advertising matter distributed in his territory relating to or describing Dr. Nott's Cuban Hair Restorer and Tonic during the life of this contract, and that every bottle given to customers under the coupon system shall be replaced free of cost by the party of the first part.

Fifth.    It is agreed and understood that the party of the second part will keep a sign on windows or doors, or counters of or in their place of business, reading 'Local Distributer of Dr. Nott's Cuban Hair Restorer and Tonic.'

Sixth.    We hereby authorize the Hessig-Ellis Drug Co. to place an order for advertising as provided for in clause first of this agreement through the Zellner, Memphis, Tenn., Advertising Agency, at the expense of the party of the first part.    This contract not subject to cancellation, except with approval of both parties hereto, after acceptance of the same by the party of the first part.

[Signed]    Todd-Baker Drug Company.

In consideration of the fulfillment of the terms of the order 'A' and contract 'B' by the party of the second part, the party of the first part agrees to take back at full invoice price all goods remaining unsold in the hands of the party of the second part at the end of the Iowa advertising contracts.

In pursuance of the foregoing contract, the defendant placed an order with the plaintiff for a large amount of the goods therein described.    The principal question presented for our consideration is one of pleading.    Ignoring the defendant's answer for the moment, its real contention in argument and evidence is that the contract entered into between plaintiff and defendant was materially and fraudulently altered, without the defendant's consent, after the execution thereof by the defendant.    Its specific contention is that at the time of the execution of the contract the last paragraph thereof was in the following form:    "In consideration of the fulfillment of the terms of the order 'A' and contract 'B' by the party of the second part, the party of the first part agrees to take back at full invoice price all goods remaining unsold in the hands of the party of the second part at the end of the ——— advertising contracts." Its further contention is that the alteration was made by the insertion of the word "Iowa" in the blank space before "advertising contracts."    The trial court submitted the case to the jury upon this theory.    The following instructions

4 and 5, given by the trial court, present a succinct recital of the salient facts of the case:

Instruction 4: Par. 4. From the undisputed evidence it appears that on or about the 4th day of September, 1908, one J. J. Murphy, representing the plaintiff herein, called upon this defendant in this city; that the contract, Exhibit B, and the order, Exhibit A, were presented to the Todd-Baker Drug Company through Mr. Todd; that the order, Exhibit A, was signed by the Todd-Baker Drug Company and delivered to Mr. Murphy for the plaintiff; that the contract, Exhibit B, was signed by the Todd-Baker Drug Company and delivered to Mr. Murphy for the plaintiff; that subsequently the plaintiff shipped to the defendant at Sioux City, Iowa, the goods called for by the order, Exhibit A, and were received by the defendant, and the plaintiff is entitled to recover therefor the amount therein stipulated, with 6 per cent., as provided in the order, Exhibit A, unless the plaintiff's right to recover is defeated by the matters set up by the defendant in his answer, to which your attention is hereinafter called.

Instruction 5: Par. 5. The defendant claims in his answer that after the contract, Exhibit B, was executed by the defendant and delivered to the said Murphy for the plaintiff, the same was fraudulently altered in a material respect in this: That the word 'Iowa' was inserted in the contract before the words 'advertising contract,' which word was not in the contract, Exhibit B, as signed by the defendant, and thereby the contract as entered into between the plaintiff and the defendant, through the said Murphy, was so changed as to materially affect the rights of the defendant under the contract as executed by the defendant; and defendant claims that the contract as originally made and signed by this defendant provided that the plaintiff would contract with an advertising agency at Memphis, Tennessee, known as the Zellner Advertising Agency, for 10,000 to 20,000 lines agate measurement of advertising, specifying the Tribune and Journal newspapers at Sioux City, Iowa, equally or divided, said advertisement to be executed within twelve months after the delivery of the goods named in said order, and the contract, as executed, providing further that in fulfillment of the order (Exhibit A) and contract

(Exhibit B) the party of the first part agrees to take back at full invoice price all goods remaining unsold in the hands of the party of the second part, the defendant herein, at the end of the advertising contract, the defendant claiming that the advertising contracts referred to are those which the plaintiff agreed to make with an agency at Memphis, Tennessee, known as the Zellner Advertising Company, which contracts the defendant says were to be executed within twelve months after the delivery of the goods. That the contract as sued upon, by the insertion of the word 'Iowa,' changed the rights of the parties materially in this: That the contract as altered places no obligation upon the plaintiff to take back at full invoice price all goods remaining unsold in the hands of the party of the second part at the end of the twelve months, as provided in the first paragraph of the contract (Exhibit B), but leaves it to the plaintiff to refuse to take said goods in the hands of the defendant unsold until at the end of the Iowa advertising contracts, the terms of which the defendant claims are not definitely provided for in the contract, and thereby enlarges the rights of the plaintiff, to the prejudice of the defendant. If the defendant has shown this by a preponderance of the evidence, and that the contract (Exhibit B) was fraudulently altered in this respect after the same was executed by the defendant, and without the knowledge and consent of the defendant, the plaintiff cannot recover on said contract in this action, and your verdict should be for the defendant, unless, etc.

The complaint of the appellant is that the defendant's answer did not plead a material or fraudulent alteration of the contract, and that the defendant was not entitled to have such issue submitted to the jury for want of pleading. The defendant's original answer was as follows: "Defendant specifically denies that he ever signed any contract and order, *as claimed by plaintiff* and set out in its petition, and says that the signature, if any, attached to *any such order and contract,* is not the genuine signature of this defendant, and defendant specifically denies the genuineness of any such signature of this defendant." During the trial the defendant filed an amended answer as follows: "Defend-

ant states that it signed a contract similar to the one sued upon, but not the contract sued upon, for in the contract sued upon is the word 'Iowa' before the words 'advertising contract,' which word was not in any contract signed by defendant, and the defendant states that the signature to the contract sued upon in the plaintiff's petition is not the genuine signature of this defendant."

In the original answer the denial of the genuineness of the signature was made under oath in compliance with the provisions of section 2730 of the Code of 1873. It is manifest that such answer did not raise any question as to the material alteration of the contract. The theory of the appellee in argument is that the alteration of the contract destroyed the genuineness of the signature and rendered it spurious. This is argumentative only. The genuineness of a signature, as contemplated by section 2730 of the Code, presents a question quite distinct from that of the validity or invalidity of the contract. If the signature was once genuine, it does not lose such character because of the invalidity of the contract upon other grounds than those related to the signature. During the trial, as a matter of evidence, the defendant admitted the genuineness of the signature. Nothing was left, therefore, as to this particular defense. This was the theory adopted by the trial court in instruction 4.

1. CONTRACTS: alteration: genuineness of signature.

Turning, now, to the amended answer, which we have quoted above, can we say that such amendment pleads affirmatively a material alteration of the contract after the execution thereof, and without the consent of the defendant? We are not disposed to draw the line too fine upon a question of pleading at this stage of a trial. We have often overlooked defects in pleadings, where the parties have manifestly tried the case upon a certain theory, and where the question of the sufficiency of the pleading has been first raised in this court. In this case, however, the appellant appears to

2. SAME: alteration of instruments: pleadings:

have been diligent and persistent, in the court below, in assailing the sufficiency of the defendant's answer to raise any issue as to material alteration. We think it must be said that such answer is clearly insufficient for such purpose. If the defendant had filed an amendment to conform to its evidence, and to the theory upon which the trial court submitted the case, it could have obviated the entire difficulty. The amended answer contains nothing but a denial of the identity of the contract and the genuineness of the signature. For aught that appears in the answer, the insertion of the word "Iowa" might have been material or immaterial; it might have been done with or without the consent of the defendant; it might have been done without the consent of the plaintiff or any of its authorized agents. It was clearly incumbent upon the defendant to tender an issue by affirmative allegations upon the question of alteration, and it was the right of the plaintiff to reply thereto by appropriate pleading.

We see no escape from the conclusion that the appellant is entitled to a new trial. The judgment below must therefore be reversed, and a new trial is ordered, without prejudice to the discretion of the trial court to permit such further amendments to pleadings as it shall deem proper. —*Reversed.*