## Central Trust Company of Illinois, Appellee, v. Anna N. Kendall, Appellant.

### Gen. No. 21,842.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOSEPH S. LA BUY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed December 19, 1916. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by the Central Trust Company of Illinois, plaintiff, against Anna N. Kendall, defendant, on a promissory note made by the defendant. From a judgment for plaintiff, defendant appeals.

SAMUEL B. HILL and WILLIAM SCOTT STEWART, for appellant.

PAM & HURD, for appellee.

MR. JUSTICE McGOORTY delivered the opinion of the court.

### Abstract of the Decision.

1. BILLS AND NOTES, § 263*—*what alteration not a defense to maker.* In an action, by an innocent holder for value, on a promissory note executed by the defendant who denied that the words "af-

ter maturity" following the interest clause in the note were there when she executed it, *held* that even though the defendant's claim were true such words would not constitute such an alteration as would be a valid defense, since their effect would be simply to reduce the period for which she would be liable for interest.

2. BILLS AND NOTES, § 415*—*when burden of proof on maker to show alteration after signature.* In an action on a promissory note made by the defendant, *held* that in order that a certain alteration, claimed by the defendant to have been made in the note, should operate as a defense, the burden of proof was on her to show that the alteration was made after she signed the note.

3. BILLS AND NOTES, § 423*—*what evidence not admissible to show holder's knowledge of infirmity in note.* In an action on a promissory note made and indorsed by the defendant and by her delivered to a company whose treasurer indorsed it as treasurer and delivered it to the plaintiff's assignor, where the defenses were failure of consideration for the note, that it was negotiated by the company in breach of faith and without authority and that the plaintiff had knowledge of such facts and was not the holder in due course, *held* that the exclusion of secondary evidence of the contents of a resolution of the company, made in due course of business, which was alleged among other things to authorize the company to discount notes and its president and secretary to indorse them, which resolution was delivered to the plaintiff by its assignor, was not erroneous, as such resolution contained no notice to the plaintiff of any infirmity or defect in the title of the company negotiating the note.

4. BILLS AND NOTES, § 420*—*when evidence of negotiation of note in breach of agreement not admissible against holder.* In an action on a promissory note by a holder for value against the maker, where the defense was that the defendant's transferee had transfered the note in breach of an agreement with the defendant, *held* that in the absence of evidence showing any knowledge on the part of the plaintiff of such agreement, evidence of such agreement and of negotiations leading up thereto were properly excluded.

5. EVIDENCE, § 450*—*how handwriting could not be proved.* In an action on a promissory note tried before the going into operation of the present statute permitting proof of handwriting by comparison with pleadings properly in the files or records of a case, *held* that permitting one of the plaintiff's witnesses to compare the defendant's signature on certain pleas filed in the case with the signature on the note was error, though not prejudicial, in view of the fact that the defendant did not deny that she signed the note.

6. APPEAL AND ERROR, § 1500*—*when refusal to strike from short-cause calendar not reversible error.* The action of the trial court in

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

refusing to strike an action on a promissory note from the short-cause calendar on the defendant's motion made immediately before the trial and repeated after the trial had occupied two hours, *held* not reversible error where it did not appear that the defendant had been prejudiced thereby or that there had been any abuse of discretion.