ARNOLD *v.* WOOD.

Opinion delivered January 29, 1917.

1. BILLS AND NOTES—ALTERATION—LIABILITY OF MAKER.—Under § 124 of the Negotiable Instruments Act,* when an instrument has been materially altered, and is in the hands of a holder in due course, not a party to the alteration, he may enforce payment according to the original tenor.

2. BILLS AND NOTES—ALTERATION—BURDEN OF PROOF.—Where the alleged alteration is not apparent on the face of the instrument by the use of ordinary care in inspecting it, the burden is on the party alleging the alteration to prove it.

Appeal from Lawrence Circuit Court, Eastern District; *Dene H. Coleman,* Judge; affirmed.

*Act 81, p. 260, Acts 1913.—(Rep.)

STATEMENT BY THE COURT.

Appellee sued appellants upon a promissory note alleging the balance due to be $1,275.00. On January 22, 1914, at Alicia, Arkansas, appellants executed a promissory note payable to the order of Earle Gibbons Company for $1,725.00, due 12 months after date. The defense of appellants to the action was that there was a material alteration of the note apparent on its face. The note was introduced in evidence before the jury and has been brought into the record here by proper stipulation.

Appellee, Robert Wood, was a dealer in horses and mules and carried some to Alicia, Arkansas, to sell them. While there he met Earle Gibbons and traded to him some of his stock for the note in question. Wood testified that he had never met Gibbons until the day he exchanged his stock for the note in question; that there were no alterations in the note when he received it and that he acquired the note in good faith paying value for it before it was due. Other evidence was adduced by him tending to corroborate his testimony, and especially that portion of it tending to show that the note did not appear on its face to have been altered. The cashier of the bank to whom Wood showed the note testified that it did not bear any appearance of having been altered. On the part of the appellants it was shown that R. E. Allison and H. K. Gibson both signed the note and that there were 19 persons who signed the note when it was executed. Both Gibson and Allison testified that they did not intend to sign a promissory note. They stated that Gibbons represented to them that he was organizing a corporation for the purpose of dealing in horses and other stock, and submitted to them, what they thought was a blank piece of paper to be signed by them as prospective subscribers to stock in the corporation to be organized; that they signed the paper in question on the faith of his representations and did not know that they had signed a promissory note; that when they

found out that they had signed a promissory note they went to Gibbons and demanded that their names be taken off of the note; that in response to their demand Gibbons took a pen and marked a black line through their names. The two names in question do not now appear upon the note, but evidence was adduced by the appellants tending to show that they had been erased therefrom, and that the note still bears evidence of such erasures. The evidence on behalf of appellant also tends to show that the note was submitted by Gibbons to an attorney who told him that the alteration of the note by running the pen through the two names rendered it void. The jury returned a verdict in favor of appellee and the case is here on appeal.

*W. P. Smith, G. M. Gibson* and *H. L. Ponder* for appellants.

1. There was an apparent alteration of the note, that was apparent on its face, and this made it void not only in the hands of Gibson, but of the appellee. Acts 1913, 302; 35 Ark. 146; 30 *Id.* 285; Crawford's Annotated Neg. Inst. Law, p. 206, and cases cited. Since the enactment of this statute the burden of explaining an apparent alteration is upon the party producing the paper. *Ib.* and cases cited; 20 Fla. 501, 512.

2. The proof shows clearly that two names had been erased and there can be no recovery.

3. A verdict should have been directed for defendants. The court erred in refusing the instructions requested by appellants. They were fair statements of the law.

*A. S. Irby* for appellee.

1. Appellee had no knowledge before or at the time he traded for the note that the names of Gibson and Allison were erased from the note nor was he a party to the alteration. The testimony was conflicting, but the jury, under proper instructions found for the appellee.

2. No evidence of erasure, or alteration, was apparent on the face of the instrument—nothing to arouse suspicion. The case of *Harris* v. *Bank, etc.,* 20 Fla. 501, settles the law in this case.

3. There is no error in the instructions. Appellee was an innocent purchaser, for value and without notice. Acts 1913, p. 302, § 124. The verdict is right and will not be disturbed.

HART, J., (after stating the facts). (1) The law of this case is stated in the case of *Jones* v. *Bank of Horatio,* 102 Ark. 302, where the court said: "The original checks have not been brought up with the record. From the testimony it appears that there is a conflict as to whether or not the alleged alterations were apparent on the face of the checks. It has been settled by this court that the alteration of a check duly signed and delivered, without the knowledge or consent of the drawer, 'although done in such manner as to leave no mark or identification of an alteration observable by a man of ordinary prudence, avoids the check as to the drawer, even in the hands of one to whom it is negotiated before maturity for a valuable consideration and without notice of the forgery.' *Fordyce* v. *Kosminski,* 49 Ark. 40, but whether or not a check has been altered is a question of fact to be determined by a jury from the evidence adduced upon the trial of the case." Section 124 of the Negotiable Instrument Act, Acts 1913, Act 81, page 260, reads as follows: "When a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided except as against a party who has himself made, authorized and assented to the alteration. But when an instrument has been materially altered and is in the hands of a holder in due course, not a party to the alteration, he may enforce payment according to its original tenor."

Objection is made by counsel for appellants to the refusal of the court to give certain instructions asked by them. The instructions refused were covered by

instructions given by the court. The instructions of the court were in accordance with the principles of law laid down above and we do not deem it necessary to set them out.

(2) The principal contention of appellants is that the law enforces upon the party claiming under a note the burden of explaining an alleged alteration and assign as error the action of the court in refusing to so instruct the jury. This is the rule where the alteration appears on the face of the instrument; but in the case at bar according to the proof adduced by appellee, there is not upon the face of the note anything indicating an alteration or casting any serious suspicion upon its validity. In the case of an alleged alteration which is not apparent on the face of, the instrument by the use of ordinary care in inspecting it, the burden is on the party alleging it, to prove it. *United States* v. *Linn*, 1 How. (U. S.) 104; Case note 39 L. R. A. (N. S.) at page 115; 1 Ruling Case Law, par. 73, page 1041.

It follows that the judgment should be affirmed.