## HOLMES BROS. *v.* McCALL.

[74 South. 786, Division A.]

1. BILLS AND NOTES. *Execution.*

   The execution of a promissory note is the signing and delivery thereof, both of which must be proven when the execution is denied under oath.

2. BILLS AND NOTES. *Delivery. Evidence.*

   Delivery of a note is presumed *prima facie* from the introduction of the note in evidence by plaintiff.

3. BILLS AND NOTES. *Signing note. Admission. Burden of proof.*

   Where in a suit on a promissory note the defendant's special plea denied the execution and delivery of the note, but then proceeded to set forth that his signature thereto was obtained by fraudulent representations, so that construing the plea as a whole and most strongly against the pleader, it denies delivery but not the signing of the note, and sets forth that the defendant signature thereto was obtained by fraud, this was an affirmative defense and must be proven by the defendant.

APPEAL from the circuit court of Sunflower county.

HON. FRANK EVERETT, Judge.

Suit by Holmes Bros. against Neal McCall. From a judgment for defendant, plaintiff appeals.

The special plea referred to in the opinion is as follows:

"Comes the defendant, Neal McCall, by his attorney, and for further plea in this behalf says that the plaintiff ought not to have and maintain his aforesaid action, because he says that he did not execute or deliver the note herein sued on, and that his signature was procured to said note by false and fraudulent representation then and there made to him at the time of procuring his signature to said note; that said false and fraudulent representations were made to him by and through an agent representing the plaintiff herein, Holmes Bros., and that said false and fraudulent representations consisted

in said agent of Holmes Bros., the plaintiff herein, representing to said defendant that his signature was being placed to said note sued on as a witness and not as a principal. And this the defendant is ready to verify. S. D. NEILL, Attorney for defendant.

"State of Mississippi, County of Sunflower. Personally appeared before me, the undersigned clerk of the circuit court in and for the county and state aforesaid, Neal McCall, the defendant in the above-styled cause, who, being first duly sworn by me, states on oath that the matters and things contained in the above and foregoing plea are true and correct as therein stated. NEAL McCALL.

"Sworn to and subscribed before me, this the 5th day of October, 1915. J. R. KEY, Circuit Clerk."

*L. M. Holmes,* for appellant.

We submit that the trial judge committed a most fatal error in sustaining the appellee's objection to the introduction of the note sued upon and shown by record page 35. The plea of the defendant, now appellee, as shown by record, page 31, does not deny his signature to the note sued on, but admits that he signed same, but alleges that his signature to same was procured to same by fraud, in that it was represented to him that he was to sign as a witness, which plea falls flat on its face when you examine the notes, as his name is the only one appearing on it and there was no signature to witness. The plea did not require plaintiffs, now appellants, to prove the signature, as it was admitted in the plea that the said note was signed by him and the note was admissible in evidence and plaintiffs under the law, would have been entitled to peremptory instructions, unless the allegations set out in the plea were established by evidence and the burden was on appellee to establish his defense he had made and not on appellant to prove the signature.

The only way that we can account for the action of the trial judge on the objection to the introduction and evidence on the note sued on, and we believe that this court will be of the same opinion, when they have looked at the record, and that is defendant's counsel, now appellee, in stating his reason for objection to the court, misrepresented the language of this plea and did not ·correctly state what the plea set out and what defense was really interposed therein.  We submit that both errors set up in this brief, are revisible error and that this court should reverse this case and send it back for a new trial, so that substantial justice might be done, and plaintiffs, now appellants, be given an opportunity to present its evidence in this case before having same passed on and a judgment entered against them contrary to well settled law and justice.

We respectfully submit that this case should be reversed and remanded.

*S. D. Neil,* for appellee.

The pleader was guilty of having used duplicity or surplusage in setting up, or attempting to set up, fraud after he had denied the execution and delivery of the note, and if plaintiff below, now appellants, had filed a motion to strike from said plea this surplusage or had demurred on account of duplicity, the court below would doubtless have granted the relief sought.  This, however, they failed to do and by all the authorities and established principles of law they cannot now be heard for the first time to complain of matters appearing on the face of the pleading which they might have had changed by proper diligence at the proper time.  Since appellants failed to avail themselves of this opportunity at the proper time and since the plea denies the execution and delivery of the note and conforms substantially with the provisions of the section of the Code above referred to, it must now stand.  The plea was accom-

panied by the general issue which is equivalent to a.
plea of *non est factum* as is held by this court in *Sump-
ter* v. *Geron*, 4 Howard, (Miss.) 263.

Counsel for appellants lay special stress on the argu-
ment that the signature to the note sued on was not de-
nied in the special plea filed, but the court will note that
the language of the plea conforms to the very wording of
the statute itself when the pleader says: "That he did
not execute and deliver the note herein sued on" and
closes with a verification. When the pleader denied un-
der oath the "execution" of said note, he put in issue
both the signature and delivery of the instrument, and
these facts being in issue, the court was eminently cor-
rect in refusing to admit said note in evidence until its
signature and delivery had first been proved. No at-
tempt was made by counsel for plaintiffs below, now ap-
pellants, to introduce any evidence either as to the sig-
nature or delivery of said note, and, under the law as
set out in the section of the Code last above mentioned,
the trial court had no option but to refuse to allow said
note to be introduced in evidence, and in this ruling we
submit that the court below made no error.

SMITH, C. J., delivered the opinion of the court.

This is a suit upon a promissory note, commenced by
attachment in the court of a justice of the peace. In
the court below the trial on the attachment issue re-
sulted in favor of the defendant, he being awarded
damages in the sum of eighty-one dollars for the wrong-
ful suing out of the attachment. The cause then came
on to be heard on the merits, and, treating the case as
one originating in the circuit court, the defendant filed
two pleas in bar: The general issue, and a special plea
sworn to (which the reporter will set out in full). The
plaintiff, thereupon introduced in evidence the note
sued on and rested, whereupon, on motion of the de-
fendant, this evidence was excluded, the jury were in-

structed to find for the defendant, and there was a verdict and judgment accordingly. The plaintiffs appeal and assign as error two rulings of the court below both of which were made in the progress of the trial on the merits, and one of which was the exclusion of the plaintiff's evidence.

Section 1974 of the Code of 1906 relieves the plaintiff, in suits founded upon any written instrument, from proving "the signature or execution thereof, unless the same be specially denied by a plea, verified by the oath of the party pleading the same."

The execution of a promissory note is the signing and delivery thereof, both of which must be proven when the execution is denied under oath. The second element—that is, delivery—is presumed *prima facie* from the introduction of the note in evidence by the plaintiff. The defendant's special plea denied the execution and delivery of the note, but then proceeded to set forth that his signature thereto was obtained by fraudulent representations, so that, construing the plea as a whole and most strongly against the pleader, it denies the delivery but not the signing of the note, and sets forth that the defendant's signature thereto was obtained by fraud, an affirmative defense to be proven by the defendant.

The plaintiffs were not called upon, therefore, to prove the defendant's signature to the note; and the motion to exclude their evidence should have been overruled. This error in no wise affects the judgment on the attachment issue, which will remain in full force and effect, but the judgment on the merits will be reversed, and the cause remanded.

*Reversed and remanded.*