## FIRST NATIONAL BANK v. FORD

(No. 1057; July 17, 1923; 216 Pac. 691.)

NEGOTIABLE INSTRUMENTS—BURDEN OF PROOF—ALTERATION OF INSTRUMENTS — PLEADING — EVIDENCE — INSTRUCTIONS — PROOF OF FRAUD—ALTERATION OF INSTRUMENT APPARENT ON ITS FACE.

1. The burden of proof is on the party asserting affirmative of issue, including any negative proposition which he must show, and facts alleged by him, when denied, must be established, and the party denying his allegations cannot at any time have this burden.

2. The burden of proof never shifts, though the burden of going forward with the evidence may shift at various times from one side to the other, as evidence is introduced by the respective parties.

3. While a presumption of law arising on the pleadings or during the trial may aid plaintiff and make a prima facie case, which, if not met, will entitle him to verdict or judgment, and the burden of going ahead and producing evidence is thereby shifted, the prima facie case need not be overcome by a preponderance of the evidence, but only be balanced or put in equipoise, and the burden of evidence then shifts back to party having the burden of proof.

4. The "burden of evidence," or burden of going forward with the evidence, means simply the meeting of a prima facie case made, rather than the production of a preponderance of evidence or evidence of greater weight.

5. The burden of proof is ordinarily on plaintiff, and is always on him when defendant simply traverses affirmative allegations or seeks to establish new facts negativing the proposition on which he seeks to recover.

6. The burden of proof is on defendant as to all affirmative defenses, whether they relate to the whole case or only to certain issues therein.

7. In view of the presumption of innocence and the interests of justice, the defense of alteration of an instrument sued on and not showing any alteration on its face is an affirmative defense which must be proved by the party setting it up.

8. While the burden of proof is ordinarily determined from the pleadings, where defendant sued on a note and, claiming that it had been altered, admitted on the trial that he signed the note in question, the burden of proof was on him as if such admission had been made in his answer and he had pleaded alteration in avoidance thereof.

9. In an action on a note, an instruction imposing on defendant the burden of showing the alteration by clear and convincing proof was not erroneous, as it simply meant that the preponderance of evidence must be clear and convincing.

10. Assuming that, if a note sued on bore any suspicious evidence of alteration, the burden would be on plaintiff to disprove the alteration, it was for the court to determine whether there was sufficient evidence requiring submission of this contention, and where, on inspection, it found no suspicious evidence, it properly refused to submit the contention to the jury.

11. Judgment will not be reversed on account of cross-examination of plaintiff as to contents of a letter which he had not been notified to produce, where he gave no prejudicial testimony in response thereto.

12. Where defendant's wife testified in his behalf concerning contents of a letter written defendant by one under whom plaintiff claimed, testimony of such party's manager concerning its contents and directly contradicting the wife's testimony was proper in rebuttal, and defendant could not complain of such testimony, though notice to produce was not given.

13. When record sufficiently shows loss of letter, so that notice to produce would have been useless, evidence of its contents was admissible, though such notice was not given.

14. Where the seller of an automobile wrote buyer a letter, and in answer thereto, in due course of mail, received a letter apparently signed by the buyer, the presumption arose that such letter was that of the buyer.

15. Where the buyer of an automobile from a dealer claimed that another automobile was delivered to the dealer in part payment, and that he had no interest in notes taken by dealer upon a resale, a letter written him by the dealer stating that the car had been returned and asking what he wanted done with it, in connection with proof that he made no reply, *held* admissible against him, over the objection that it was simply self-serving.

16. Where defendant, who claimed that he delivered an automobile to a dealer in part payment for another car, cross-examined the dealer's manager at length concerning statements made by him to D. in selling the car to D., re-examination of the witness as to statements made to D. that the car was that of defendant was properly permitted.

17. In an action on a note by a bank which held it as collateral security for a debt that had been paid, refusal to charge that it was only nominal plaintiff and that payee was the real plaintiff was not prejudicial, as it was the jury's duty to pass on the merits without reference to the name of the party.

APPEAL from the District Court, Goshen County; HON. WM. C. MENTZER, Judge.

Action by First National Bank of Morrill against John B. Ford to recover on a promissory note. There was judgment for plaintiff and defendant appeals.

*Reid* and *Moore,* and *Kinkead, Ellery* and *Henderson* for appellant.

The court erred in its instruction to the jury that the burden of proving alleged alterations in the note was upon defendant; under a general denial plaintiff was required to establish all allegations of its petition; a defendant may by separate defenses, both deny and avoid. (Wyo. Co. v. Lumber Co., 25 Wyo. 158.) The burden of proof was at all times upon respondent. (2 C. J. 1267; Daniel Neg. Ins. T. S. 6 ed. 1421; Behles v. Duffy, 159 N. W. 838.) There is

a distinction between burden of proof and burden of evidence. (22 C. J. 67-76; Jones Ev. 177; 8 C. J. 998; Trust Co. v. Siefke, 39 N. E. 358.) Even where alteration is alleged, but not apparent from the instrument the burden of proving the identity and genuineness of the instrument is upon defendant. (Eggman v. Nutter, 155 Ill. App. 390; Stitgel v. Miller, 157 Ill. App. 401; Tilton v. Trapp, 183 Ill. App. 530; in re Skinner's Will, 152 N. W. 172; Brown v. Tourtelotte, 50 Pac. 185; Consumers Co. v. Jennings, 42 S. E. 879; Comstock v. Smith, 26 Mich. 305; Klein v. Bank, 61 S. W. 572; Thompson v. Kelsey, 68 S. W. 518; Wright v. Bank, 124 Pac. 478; Threshing Co. v. Peterson, 33 Pac. 470.) The court erred in instructing the jury that defendant was required to establish an alteration of the note by more than a preponderance of evidence. (23 C. J. 12; Cartney v. R. R. Co., 78 Atl. 771; Youmans v. Moore, 74 S. E. 710; 23 C. J. 24; 1 R. C. L. 1047.) The admission of respondent's exhibit (c) was erroneous, there being no independent proof of agency. (Jones Ev. 255-261; 22 C. J. 376-401.) The court erred in permitting the cross-examination of appellant as to the Gifford letter, the contents being self-serving. (Jones Ev. 218; 22 C. J. 220; Huston v. Johnson, 151 N. W. 774; Seevers v. Co., 138 N. W. 793; Bank v. Taber, 145 Pac. 1090; Mining Co. v. Iron Wks. Co., 111 Pac. 553; Thrusk v. Fullhart, 210 Fed. 1.) The court erred in permitting the cross-examination of appellant as to the Metz notes, and the re-direct examination of the witness Gifford as to conversation between the witness and another in appellant's absence. The court erred in refusing appellant's requested instruction that respondent was only a nominal plaintiff; that respondent agreed to accept the Metz car at $300.00 was shown by the weight of the evidence, and accounts for the alteration, raising the amount of appellant's note $300.00 after failure to realize on the Metz car.

*John L. Sawyer* and *Morrow* and *Morrow* for respondent.

Defendant admitted the execution of the note; the burden of proving its alteration was on defendant. (Bank v. Liewer, 187 Fed. 16; U. S. v. Linn, 1 How. 104; Smith v. U. S., 69 U. S. 219; Sturm v. Boker, 150 U. S. 312; Murray v. Lardner, 17 L. ed. 857; Leske v. Baumgart, 99 Neb. 479.) The fact that alteration may be shown under general denial does not alter the rule. (Bodine v. Berg, 40 L. R. A. (N. S.) 69; Tharp v. Jamison, 39 L. R. A. (N. S.) 100.) There is a clear distinction between cases where the defense is fraudulent alteration and where the defense is forgery; (Brown v. Tourtellotte, 50 Pac. 185.) The court's instruction that defendant was required to establish alteration by clear and convincing proof is supported by the weight of authority. (2 C. J. 1288.) In Illinois the rule requires proof beyond a reasonable doubt where the act would constitute a criminal offense. (Waggoner v. Clarke, 127 N. E. 436.) More than a preponderance of evidence is required to establish fraud. (12 R. C. L. 436; 20 Cyc. 120; Cahm v. Ins. Co., 4 Wyo. 419.) The circumstances and evidence show that the Metz car was not taken as a credit but under an agreement to dispose of it for appellant; the notes taken from the purchaser of the Metz car were made to appellant. The correspondence relating to the Metz car transaction was material. (7 Enc. Ev. 149-151.)

BLUME, Justice.

This is an action brought by First National Bank of Morrill, as plaintiff, against John B. Ford, as defendant, on a promissory note dated June 9, 1917, due in six months, payable to the Gifford Motor Co. for $450.00. The petition is in the usual form. The defendant filed an answer denying that he ever executed a note to the Gifford Motor Company for $450.00, but that the note sued on is a forgery; that on June 9, 1917, he executed to the Gifford Motor Company his promissory note for $150.00; that if the signature on the note in suit is his genuine signature, the note was fraudulently altered and forged to the sum of $450.00,

without the knowledge or consent of defendant. The plaintiff filed a reply denying the allegations of the answer. At the outset of the case it was apparently agreed that at the time of the commencement of the action, plaintiff held the note as collateral security for a debt of the Gifford Motor Co., but that since that time the debt had been paid. The case was accordingly tried on the theory that the plaintiff was only the nominal plaintiff. The case was tried to a jury which returned a verdict for the plaintiff for the amount claimed, judgment was entered on the verdict, and the case is here on direct appeal.

Upon the trial of the case the defendant admitted that he signed the note in question, but claimed that it was given for only $150.00. The note introduced shows no alteration apparent on its face. The court instructed the jury in instruction No. 1 that they were the sole judges of the facts; in instruction No. 2, that the defendant having admitted his signature to the note, the only question of fact for them to determine was whether the note was originally given for $150.00 or $450.00; if the former they should find for the defendant, if the latter, for the plaintiff. The third instruction, and the last of substance, told the jury as follows:

"The court instructs the jury that the burden of proving that said note was altered so as to raise the amount thereof from $150.00 to $450.00 is upon the defendant, and these facts must be established by clear and convincing proof in order to constitute a defense to plaintiff's action."

1. Defendant complains that the burden of proof of showing the alteration contended for was, by the third instruction of the court, imposed on him. It is stated in 1 R. C. L. 1041:

"There seems to be no dissent from the rule that where no alteration is apparent on the face of the instrument, the burden of proving that there has in fact been an alteration is on the party alleging it."

In the note in 86 A. S. R. 128, the author says:

"Among the almost innumerable decisions, and the conflict of authorities upon the subject of presumptions arising from alterations apparent upon the face of the instrument, there seems to be but one principle upon which the authorities are in harmony. This is, that where an alteration in an instrument is alleged to have been made, and such alteration is not apparent upon the face of the instrument, the burden of showing that the latter has been altered is upon the party who alleges it."

The rule is stated more cautiously, though not analyzed, in 2 C. J. 1267. In addition to the cases cited in these authorities, sustaining the rule mentioned, see also: Wagler v. Tobin, 104 Kan. 211, 178 Pac. 751; Central Trust Co. v. Kendall, 202 Ill. App. 294; Wicker v. Jones, 159 N. C. 102; 74 S. E. 801, 40 L. R. A. (N. S.) 69, Ann. Cas. 1914 B. 1083; Arnold v. Wood, 127 Ark. 234; 191 S. W. 960; Craig v. National City Bank, 26 Ga. App. 128, 105 S. E. 632; Daniels, Neg. Inst. (6th Ed.) Sec. 1421. In the case of Williamsburgh Sav. Bank v. The Town of Salon, 136 N. Y. 465, 32 N. E. 1054, the court said:

"Where the alteration is visible on the face of the instrument the paper discredits itself and the holder should explain. But where the change simply makes the bond perfect in accordance with its own express terms and apparent purpose there is nothing for the holder to explain. The burden falls on the adversary to prove an alteration such as will effect the instrument and he must show the facts on which he relies. That is both the reasonable and the settled rule."

If by the burden of proof above mentioned is not simply meant the burden to go forward with the evidence, and we think it is not, then clearly the statements referred to, that the authorities in a case like that at bar are harmonious, are

not, as pointed out by counsel for defendant, borne out by
the facts, for it is held in a number of cases involving in-
struments showing no alterations apparent on their face, at
least so far as the opinions disclose, that though the proof
of signature and the introduction of the note in evidence
raises a presumption of the validity of the whole document
and make a *prima facie* case for plaintiff, compelling the
defendant to go forward with the evidence, the burden of
proof, nevertheless, where the execution of the instrument
is denied, as here, remains upon plaintiff to satisfy the jury,
upon the whole evidence, that the instrument introduced is
the identical instrument executed by defendant and that
no alterations have been made therein. The Farmer's Loan
& Trust Co., v. Siefke, 144 N. Y. 354, 39 N. E. 358; Foss v.
McRae, 105 Me. 140, 73 Atl. 827; Eggman v. Nutter, 155
Ill. App. 390; Yost & Cook v. The Minneapolis Harv.
Works, 41 Ill. App. 556; Ehrenkrock v. Webber, 100 Mich.
314, 58 N. W. 665, 60 N. W. 761; Simpson v. Davis, 119
Mass. 269, 20 Am. Rep. 324: Among these cases apparently
should be placed J. I. Case Threshing Mach. Co. v. Peter-
son, 51 Kan. 713, 33 Pac. 470; Conkling v. Olmstead, 63
Ill. App. 649, and Merritt v. Dewey, 218 Ill. 599, 75 N. E.
1066, 2 L. R. A. (N. S.) 217. Upon the same principle
were decided the following cases involving instruments in
which a change had apparently been made at some time or
other. Comstock v. Smith, 26 Mich. 306; Willett v. Shep-
ard,. 34 Mich. 106; Graham v. Middleby, 185 Mass. 349;
70 N. E. 416; Consumer's Ice Co. v. Jennings, 100 Va. 719;
42 S. E. 879; Belfast Nat. Bank v. Harriman, 68 Me. 522;
See Darraugh v. Denug, 196 Ky. 614, 245 S. W. 152. All
these cases proceed upon the theory that plaintiff must,
under proper issues, prove his case, one element of which
is that the document sued on is the identical document ex-
ecuted by defendant; that a defendant may admit his sig-
nature, but that this is not equivalent to an admission that
he signed the identical document in issue, and that when he
denies that the document is the one he signed, the plaintiff

must prove his affirmative allegation; That this position is not at all illogical is clear. We have found no authority, either courts or legal writers, who have discussed the conflict thus disclosed. Counsel for defendant contend that the rule above mentioned laid down in Ruling Case Law can mean no more then that when a *prima facie* case is made out by the proof of signature and the introduction of the note, the burden of producing evidence shifts, and that it can have no reference to the true burden of proof in the case, in the sense of the risk of non-persuasion of the jury. While that, probably, is true with some of the cases, it certainly is not true with all. A considerable amount of confusion has no doubt existed and exists today in the minds of bench and bar as to the meaning of burden of proof, and what has been called burden of evidence. The latter term is not exceedingly apt, and if used in an instruction to a jury without full explanation distinguishing it from burden of proof, would in all likelihood be very confusing; but it may be here used for the purpose of distinguishing it from the burden resting upon a party to establish his case. The burden of proof is upon the party asserting the affirmative of an issue, using the latter term in the larger sense and as including any negative proposition which such party might have to show. If he alleges a fact that is denied, he must establish it. He is the actor and as such remains so throughout the case as to the allegations which he makes, or rather must make. Having alleged the truth of a matter in issue, he must prove it. The party denying his allegations cannot have this burden at any time during the trial, for it would be absurd to say that both the plaintiff and defendant have the same burden on the same issue. State v. Rosenthal, 123 Wis. 442, 102 N. W. 49. Hence the common phrase that the burden of proof never shifts, though the burden of going forward with the evidence may shift at various times during the trial from one side to the other, as the evidence is introduced by the respective parties. Chamberlain, supra, §§ 940, 941; 22 C. J. 69. A pre-

sumption of law may aid the plaintiff. That may arise upon the pleadings or during the course of the trial after the introduction of some evidence. Thus a *prima facie* case may be made for the plaintiff. If this case is not met, the verdict or judgment must necessarily go for the party in whose favor the presumption operates. Hence when such *prima facie* case is made the burden of going ahead in the case and producing further evidence is shifted. But, at least according to the best considered authorities, the *prima facie* case so made need not be overcome by a preponderance of the evidence, or evidence of greater weight, but needs only be balanced, put in equipoise by some evidence worthy of credence, and if that is done, the burden of the evidence has been met and shifts back to the party having the burden of proof and who, if he would win, must not alone begin by making out his case, but must end by keeping it good. In other words, the burden of maintaining the affirmative of the issue involved in the action is upon the party alleging the fact which constitutes the issue, and this burden remains throughout the trial. If upon all the facts, the case is left in equipoise, the party affirming must fail. We shall cite only a few of the authorities. Wigmore on Ev. (2nd Ed.) §§ 2483-2490; Chamberlain, Modern Law of Ev., § 940; Thayer, Pre. 1 Treatise on Ev. 370; Heineman v. Heard, 62 N. Y. 448, 455; Ginn v. Dolan, 81 Ohio St. 121; 90 N. E. 141, 135 A. S. R. 761 and note 766, 767; 18 Ann. Cas. 204; Klunk v. Railway, 74 O. S. 127, 77 N. E. 752; Gibbs v. Bank, 123 Iowa 742; 99 N. W. 703; Powers v. Russell, 13 Pick. (Mass.) 76; Scott v. Wood, 81 Cal. 398; 22 Pac. 871; Hansen v. R. & Nav. Co., 97 Or. 190, 188 Pac. 963, 191 Pac. 655; Sweeny v. Erving, 228 U. S. 233, 33 Sup. Ct. 416; 57 L. ed. 815; Ann. Cas. 1914 D. 905; Pease v. Cole, 53 Conn. 53, 22 Atl. 681, 55 Am. Rep. 53; Cleveland etc. R. Co. v. Newell, 104 Ind. 264, 3 N. E. 836, 54 Am. Rep. 312, 17 Am. Law Review·892, 59 Central Law J. 282. He who has the burden of proof, properly speaking, has imposed on him the obligation to establish

the existence of the facts alleged by evidence at least suffi-
cient to destroy the equilibrium and overbalance any weight
of evidence produced by the other party.  Guild v. Moore,
32 N. D. 432, 155 N. W. 44; Palmer v. Huston, 67 Wash.
210, 121 Pac. 452.  On the other hand, the burden of evi-
dence, or to go forward with it, means simply the meeting
of a *prima facie* case made, rather then producing a pre-
ponderance of the evidence, or evidence of greater weight.
Cody v. Market St. Ry. Co., 148 Cal. 90, 93, 82 Pac. 667;
Alabama V. Ry. Co. v. Groome, 97 Miss. 201, 52 So. 703.
Hence it would seem to be a rule generally accepted, though
there are authorities to the contrary, that it is improper to
instruct a jury that the defendant must establish any fact
which merely negatives or tends to overthrow the neces-
sary allegations of the plaintiff by a preponderance of the
evidence, or by evidence of greater weight, though the
plaintiff has made a *prima facie* case through the opera-
tion in his favor of a presumption or otherwise, compelling
the defendant to go forward with the production of further
evidence.  Such facts so negativing the plaintiff's allega-
tions in issue need not, as heretofore stated, be established
by the greater weight of the evidence; if they equalize the
weight of plaintiff's evidence, if they put plaintiff's case
in equipoise, that is sufficient, and hence such instruction
above mentioned would erroneously require a greater de-
gree of proof than is necessary.  The rules here stated are
illustrated by cases involving the doctrine of *res ipsa lo-
quitur* (See note to 16 L. R. A. (N. S.) 527) and also by
cases, not at all in harmony, dealing with the question of
the burden of proving consideration of bills and notes.  See
8 C. J. 994; Schaffer v. Bond, 129 Md. 648, 99 Atl. 973 and
cases cited.

In the ordinary case the burden of proof is on the plain-
tiff, and, as indicated, it always is on him whenever the de-
fendant simply traverses affirmative allegations of the for-
mer; or simply seeks to establish new and distinct facts,
not by way of confession and avoidance, but as negativing

the proposition on which plaintiff seeks to recover. Chamberlain, Sec. 944, 947; Wildes v. Cowles, 100 Mass. 487. But there are many cases where the burden of proof, either as to the whole case or on part of the issues joined by the parties, is on the defendant. It is on him as to all affirmative defenses, whether they relate to the whole case, or only to certain issues in the case. As to such defenses he is the actor, the plaintiff, and hence must establish the allegations thereof. Thayer, supra, 369; Chamberlain, supra, Sec. 947. There is no true shifting of the burden of proof here. It means only that each party must establish his own case. Chamberlain, supra, Sec. 953. Thus it would seem clear that the solution of the question, whether the instruction given by the court below in the case at bar is or is not erroneous, depends entirely on whether the claim of alteration, made by the defendant, is or is not an affirmative defense. We might mention, in passing, that caution must be exercised in determining whether a defense is affirmative in its nature or not. Some may be so apparently, but not truly, as is illustrated in Pierce v. Baker (Tex. Civ. App.) 238 S. W. 699 and Illinois Steel Bridge Co. v. Wayland, 107 Kan. 532, 192 Pac. 752, involving the issue of payment. See also Wildes v. Cowles, supra; Pomeroy Code Rem. (3rd Ed.) Sec. 671; Chamberlain, supra, Sec. 947, 952; Wylie v. Marinofsky, 201 Mass. 583, 88 N. E. 448 (replevin); Starratt v. Mullen, 148 Mass. 570; 20 N. E. 178, 2 L. R. A. 697.

We should naturally expect to receive some light on the immediate question before us from those cases which have had under consideration the point as to whether an alteration of an instrument is to be pleaded or not. Under our statute the answer must contain "a statement of any new matter constituting a defense," (Sec. 5659, subd. 2 W. C. S. 1920), and if the claim of alteration is an affirmative defense, then, no doubt, the defense must be specially pleaded in this state, which was in fact done in the case at bar; if it is not an affirmative defense, then a general denial would

suffice. "A defense cannot be of facts that may be proved under a general denial, but it must consist of new matter." 31 Cyc. 218. It would seem that, under the system of common law pleading, a number of affirmative defenses might be shown under the general issue. Chamberlain, supra, Sec. 953; Thayer, supra, 379; 5 C. J. 1405; McKyring v. Bull, 16 N. Y. 297, 69 A. D. 696. But the Code system of pleading was adopted so that each party might be fully apprized of the affirmative claims of the other, and we should, therefore, expect the ruling of the courts in the states having adopted that system to have taken the view above expressed on the question of alteration. But that is far from true. Conspicuous examples are found in Nebraska, Indiana and Washington. It is held in these states, in effect at least, that a plea of alteration of an instrument is an affirmative defense. Teska v. Baumgart, 99 Neb. 479, 156 N. W. 1044; Wolferman v. Bell, 6 Wash. 84, 32 Pac. 1017; 36 Am. St. Rep. 126; Slyfield v. Willard, 43 Wash. 179, 86 Pac. 392; National City Bank v. Electric Co., 96 Wash. 74, 164 Pac. 933; Fudge v. Marquell, 164 Ind. 447, 72 N. E. 765, 73 N. E. 895. At the same time the courts of these states hold that the defense may be proved under a general denial, or a plea equivalent thereto. Gandy v. Bissell, 72 Neb. 356, 100 N. W. 803 (by a divided court); Fairhaven v. Cowgill, 8 Wash. 686, 36 Pac. 1093 (by a divided court); Fudge v. Marquell, supra. In Alabama the law on this subject is the same as in the three states just mentioned. Bouldin v. Barclay, 121 Ala. 427, 25 So. 827; Yancey v. Gordon, 172 Ala. 439, 55 So. 239, Ann. Cas. 1913 E. 251. In fact, the rule in the majority of states, some of the courts doubtless following, or influenced by, the rules under common law pleading, is to the effect that a defense or alteration may be shown under a general denial, or under a plea of *non est factum* or other similar plea. See cases collated in 2 C. J. 1260 *et seq.* and in note Ann. Cas. 1913 E. 251; Kurth v. Farmer's etc. State Bank, 77 Kan. 475, 94 Pac. 798, 127 A. S. R. 428, 15 L. R. A. (N. S.) 612;

Polomaki v. Laurel, 86 Or. 491, 168 Pac. 935. This is the rule in New York and Massachusetts, and the courts of these states have been consistent in their holdings as to pleading and proof, deciding as we have seen that the defense of alteration is a defense simply negativing the affirmative claims of the plaintiff. Thus the case of Siefke v. Siefke, supra, is pratically based on the previous holding in Schwarz v. Oppald, 74 N. Y. 307, in which it had been decided that evidence of the defense of alteration is admissible under a general denial. The court in the Siefke case, after referring to the Schwarz case, said:

"Under this authority (Schwarz v. Oppald, supra) we see no escape from the conclusion that evidence of alteration which goes to the identity of the instrument, controverts a fact which a plaintiff is bound to prove in the first instance, that the instrument is the act of the defendant."

There is contained, as we have stated, considerable logic in the position thus taken. But a different viewpoint may be adopted with reason. Looking at the question from a different angle, the claim of alteration is a claim both confessing and avoiding. Under a plea of that kind the true burden of proof is always on the party setting it up since he then becomes the actor. 2 Chamberlain, supra, §§ 946, 947, 951, 952, 953; Cowen v. Houck Mfg. Co., 249 Fed. 285; 161 C. C. A. 293; Cotton v. Willingham (Tex. Civ. App.) 232 S. W. 572. In such case, as applicable here, the claimant confesses that he executed the identical document in question, not exactly in the form then appearing, but still that document as it was originally; he admits its full validity at the time of its execution, but pleads in avoidance that at some time thereafter, the instrument became void by reason of an alteration made therein. Hence while such a plea is not, perhaps, a true plea in confession and avoidance in all particulars, it is similar to it and hence, too, in accordance with the holding of a number of courts, it is an

affirmative defense, which must be set up in order to admit of the introduction of any evidence of the alteration. 21 R. C. L. 569; Davidson v. Cooper, 11 M. & W. 778, 52 Eng. Rep. 1018; Parry v. Nicholson, 13 M. & W. 778, 153 Eng. Rep. 327; Mason v. Bradley, 11 M. & W. 590; Hemingway v. Trenery, 9 Ad. & Ell. 926, 112 Eng. Rep. 1465; Hessig-Ellis Drug Co. v. Todd Baker Drug Co., 153 Iowa. 11, 132 N. W. 866; Tedder v. Faleigh Lines Smith Co., 55 Fla. 496, 46 So. 419; Grand Lodge K. P. v. State Bank, 79 Fla. 471, 84 So. 528; Commercial Security Co. v. Donald Drug Co., 112 S. C. 457, 100 S. E. 359; Sanford v. Smith, 5 Bush. 474; Wall v. Munster's Ex'rs., 23 Ky. L. 556, 63 S. W. 432; Equitable Life Ass'n. Soc. v. Meuth, 145 Ky. 160, 746, 140 S. W. 157, 141 S. W. 37, Ann. Cas. 1913 B 661; Paris Nat'l. Bank v. Nickell, 34 Mo. App. 298; Boomer v. Koon, 6 Hun 645. The case of Davidson v. Cooper, supra, is almost the same kind of a case as Siefke v. Siefke, supra, and is directly opposed to the latter. Other cases, while not as directly in point as the foregoing, have treated a claim of alteration, particularly when not apparent on the face of the instrument, as one affirmative in its nature. U. S. v. Linn, 1 Howard 104, 111; 11 L. ed. 64; Brown v. Phelon, 2 Swan (Tenn.) 629; Bumpass v. Timms, 3 Sneed. (Tenn.) 459; Meikel v. The State Sav. Inst., 36 Ind. 355; Palmer v. Blanchard, 113 Me. 380, 94 Atl. 220; Ann. Cas. 1917 A. 809; Hagen v. Merchant's etc. Ins. Co., 81 Iowa. 321, 329, 46 N. W. 1114; 25 A. S. R. 493. To the same effect are those cases which hold that the alteration of an instrument must be proved either by a preponderance of the evidence or by clear and convincing testimony, for it follows from what we have already said herein that any defense which must be thus shown, must necessarily be, at least in effect, in the nature of an affirmative defense. Included in these cases are Brunton v. Ditto, 51 Colo. 178, 117 Pac. 156; Brown v. Colquitt, 73 Ga. 59, 54 A. R. 867; Forbes v. Madden, 98 Kan. 559, 158 Pac. 850; Beck v. Heckman, 140 Ia. 351, 118 N. W. 510, 132 A. S. R. 277; Maldaner v.

Smith, 102 Wis. 30, 78 N. W. 140. See also the dissenting opinion of Mr. Justice Mullin in 6 Hun. 645 and the dissenting opinion of Mr. Justice Pryor in Siefke v. Siefke, 3 Misc. Rep. 81, 22 N. Y. S. 546.

The question of pleading, as well as that of the burden of proof of an alteration of an instrument, is new in this state, and we must adopt the rule which we deem to be most productive of justice on the whole. We need not enter into the vexed questions arising when an alteration appears on the face of the instrument, though it is probable that when such alteration appears to be suspicious, a different rule than herein laid down would be adopted. But we confine our decision to a case where an instrument shows no apparent alteration on its face. The question of pleading and of burden of proof go hand in hand; if the claim of alteration is affirmative, it must be specially pleaded and proved by the party relying thereon, although, of course, the necessity of pleading it may be dispensed with, if already pleaded by the other party. Digen v. Schultz (Mont.) 210 Pac. 1057. Chamberlain, supra., Sec. 946.

There seems to be no invariable test to determine what is and what is not an affirmative defense. Thayer, supra, 376, says:

"But as time passes and the conceptions on which legal obligation is determined come from age to age to rest on a new analysis, it would seem that the test of an affirmative case must also change and be made to depend more commonly than it does now, and more distinctly, on the newly accepted ideas and analysis."

The definition given in Bond v. Corbett, 2 Minn. 248, 255, seems to fit the case at bar when it defines an affirmative defense

"as something which does not deny wholly the transaction alleged, but seeks to avoid it by what took place subse-

quently, or by some legal difficulty which exists to recovery.''

In Hellmuth v. Benoist, 144 Mo. App. 695, 598, 129 S. W. 257-258, it is said:

''Under a general denial defendant may prove any state of facts which tend to show that plaintiff never had a cause of action. * * * If the plaintiff ever had a cause of action, and for any reason his right of recovery has been extinguished, then the facts which go to defeat his cause of action must be pleaded.''

But the general test that has been applied, and which was applied in the cases holding that the burden of proof on the whole case is on plaintiff to show that there was no alteration, is that all facts which directly tend to disprove any one or more of the averments of the opposite party may be offered under the general denial. Pomeroy, Code Remedies, Sec. 673. This test has not, however, been always consistently applied, as for example in the defense of payment, where plaintiff alleges non-payment, or in the defense of justification in an action for defamation, where plaintiff alleges the falsity thereof. Phillips on Code Pleading, §§ 363, 385. Logic in law must to some extent be tempered by considerations of public policy and justice. The premises from which conclusions are drawn may not always and invariably be applicable to a like extent. It was admirably said in Spilene v. Salmon Falls Mf'g. Co., 79 N. H. 326; 108 Atl. 808:

''The argument against the free application of the idea that under certain circumstances the defendant should be called upon to produce evidence rests in its final analysis upon the theory that, since the plaintiff makes a charge, he must prove it. But this general rule is not now, and never has been, carried to the extreme limit of its logic. Many defenses are treated as matters in confession and avoidance;

and, when they are pleaded, the burden is put upon the defendant in both senses. He has the duty to go forward and produce evidence and also the risk of non-persuasion. If he is sued upon a promissory note, he must seasonably deny his signature, or his nonaction is taken as his admission of the signature. The logic of the general principle that the plaintiff should have the duty to go forward and the risk of non-persuasion has always been modified by the application of what was at the time deemed to be the common sense of the situation. It may be that many of the cases have gone too far in this respect. It is undoubtedly true that the authorities are not harmonious; yet the essential soundness of the principle which they have sought to apply cannot be doubted."

It is said in Wigmore on Ev. (2nd Ed.) Sec. 2488 that as to who has the burden of proof "depends ultimately on broad considerations of policy." This, no doubt, is true, and applies equally to the proposition, as included in the former, as to what is and what is not an affirmative defense.

In the case at bar the defendant claims that the note in question was altered by raising the amount thereof from $150.00 to $450.00. If that is true, it is fraud and forgery, and in this case would directly involve the owner. If it was altered, it was done by him, or by some one with his knowledge and connivance. The charge is grave, and though this is not a criminal case, a finding to that effect would stamp the owner as a forger, and as an outlaw in his community, unworthy of the confidence of his fellowmen. Is it right that this fact should not affect the situation and should not be considered by courts? It is said in some cases where there was an alteration on the face of the instrument that there is no presumption either one way or the other. See Wigmore, supra, Sec. 2525; 2 C. J. 1276; note 39 L. R. A. N. S. 112. But this is not such a case. Here the presumption of innocence, that men act in good faith and not unlawfully, should operate in favor of plaintiff. Chamberlain supra, Sec. 1219. And while it is said

that the existence of a presumption of law does not affect the burden of proof (Wigmore, supra., Sec. 2487 c; Chamberlain, supra, Sec. 1017; 22 C. J. 79) which is no doubt true and could as such but create a *prima facie* case for plaintiff, shifting the burden of evidence, there is no doubt that the facts of common experience, which is the basis of the presumption, has influenced some of the courts in holding the claim of alteration of an instrument to be an affirmative defense. See e. g. Maldaner v. Smith, supra, holding that the presumption in such case must be rebutted by clear and satisfactory evidence, which, in effect at least, is the same as saying that the claim of alteration is affirmative in its nature, or what is nearly the equivalent thereof, that the burden of proof thereof is on him who asserts it. Transactions in bills and notes are numberless. Thousands of notes are made and taken daily. Forgeries and fraud therein happen but seldom; they are the exception in innumerable cases; severe penalties are provided for those guilty thereof. When under these circumstances we put in the scale the logic of the position making such claim a negation of plaintiff's claim and the logic making it an affirmative defense, and find that the scales nearly balance, public policy, and a natural sense of justice steps in, tipping the scale in favor of the latter. A defense of fraud is, at least under the system of Code pleading, almost universally regarded as new matter, as affirmative in its nature. 27 C. J. 28, 44; 1 Enc. of Pl. & Prac. 844; Bigelow on Fraud, 123, 125; Beatty v. Fishel, 100 Mass. 448; Baldwin v. Parker, 99 Mass. 79, 86; 96 Am. Dec. 697; Briggs v. Humphrey, 5 Allen 314; Holmes Bros. v. McCall, 114 Miss. 57, 74 So. 786; Commercial State Bank v. Folkerts, 200 Ill. App. 385; McGinnis v. McCormick 28 Ga. App. 144, 110 S. E. 341; Portugese American Bank v. Schultz 49 Cal. App. 509, 193 Pac. 806; J. M. Robinson, Norton & Co. v. Stalcup, 58 Ind. App. 370, 106 N. E. 395; Harbison v. Hammons, 113 Ark. 120, 167 S. W. 849. Where fraud enters into the making of a contract, there is lacking one of its essential

elements for its validity.   While a contract of that kind is voidable only, still the issue of fraud involves the question whether it ever was obligatory.   Baldwin v. Parker, supra. A plea of fraud, therefore, and evidence sustaining it, may, in strictness, well be said to merely negative the existence of the contract, if sued on.   Such claim, in strict logic, might well be said not to be affirmative.   But, as stated, courts have treated it as affirmative.   It has been suggested (Chamberlain, supra, Sec. 947, note 2, mentioning similar pleas) that this has arisen out of the confusion in which the term "burden of proof" has been used.   That may have been a contributing cause, but we think that the real reason, at least in cases of fraud, is deeper and is grounded in the reluctance of courts to treat cases involving these facts in the same light as other cases, and in the refusal to pass over lightly facts charging men with acts of commission often equivalent to crimes.   An alteration of an instrument as claimed in the case at bar would be a fraud of the most vicious sort, and we think that the interests of the community would be most advanced, greater stability and security given to our commercial interests, and justice be attained in the greater number of cases by not making an exception to the general rule when fraud is involved, but that we should hold, as we do, that in a case like that at bar at least, the defense of an alteration of an instrument is a true affirmative defense which must be proved by the party setting it up.   In the case before us the plaintiff admitted on the trial that he signed the note in question.   And while pleadings ordinarily determine upon whom rests the burden of proof, they cannot be used to escape the operation of the rule that an affirmative defense must be proved by the defendant.   The situation here, therefore, should be treated the same as though the defendant had made the admission above mentioned in the pleadings, but had set up the plea of alteration in avoidance.   Cowen Co. v. Houck Mfg. Co., 249 Fed. 285, 161 C. C. A. 293.   See also 8 C. J. 924; Stephens v. Fire Ass'n., 139 Mo. App. 369, 123 S. W. 63; New

South Rubber Co. v. Muse, 27 Ga. App. 549, 109 S. E. 206; Standard Paint & Lead Works v. Powell, 27 Ga. App. 691; 109 S. E. 513. The instruction, therefore, given in the case at bar, putting the burden of proof on the single issue of alteration on the defendant, was not error.

2. The defendant contends that even though the burden of proof of showing the alteration was on defendant, the court erred in requiring clear and convincing proof. It is true that a number of cases say that the burden must be met by a preponderance of the evidence. 2 C. J. 1288. None of the cases that we have found directly involve the point now under consideration, except Lewis v. Garrettson, 56 Iowa. 278, 9 N. W. 214, which, following an earlier civil case, not involving the question of fraud, held as contended for by defendant. On the other hand on page 1288 of 2 C. J. the rule used by the court in the case at bar is stated, without, however, distinguishing it from the rule stated on the previous page. In Kahn v. Traders Ins. Co., 4 Wyo. 419, 476, 34 Pac. 1059-1077; 62, Am. St. Rep. 47, this court said:

"A man who alleges fraud must clearly and distinctly prove the fraud he alleges, and the proof must be clear and sufficient to satisfy the mind and conscience of the existence of fraud."

To the same effect is Wallace v. Skinner, 15 Wyo. 233, 255, 88 Pac. 221.

In the case at bar the presumption of innocence exists in favor of the owner of the note. To create a preponderance of the evidence, the latter must be sufficient to overcome the opposing presumption as well as the opposing evidence. And as said by Jones on Ev., Sec. 195:

"Presumptions, like probabilities, are of different degrees of strength. To overcome a strong presumption requires more evidence than to overcome a weak one. To fasten upon a man a very heinous or repulsive act requires

stronger proof than to fasten upon him an indifferent act.
* * * Hence it can never be improper to call the at-
tention of the jury to the character of the issue, and to re-
mind them that more evidence should be required to estab-
lish grave charges than to establish trifling or indifferent
ones.''

To preponderate does not necessarily mean that the one
side shall be overbalanced just a little; the overbalancing
may be considerable. Hence an instruction requiring clear
and convincing proof is simply stating that the preponder-
ance must be definite, clear and convincing. The great
weight of authority justifies this qualification in cases of
fraud. We recently held that to establish that an absolute
conveyance, unaccompanied by any written stipulation for
reconveyance, was intended to operate as a mortgage, the
evidence of that intention must be clear, unequivocal and
convincing. McFadden v. French, (Wyo.) 213 Pac. 760.
The reason for the rule lies in the fact that to claim as an
absolute conveyance what in fact is a mortgage is a fraud
upon the grantor in the instrument. We can see no good
reason why the rule should not be applied in a case in
which the payee of a note is accused of forgery. 2 C. J.
1288; 2 Jones Ev. Sec. 195; Wigmore Ev. Sec. 1298; Na-
tional City Bank v. Electric Co., 96 Wash. 74, 164 Pac. 933.
   3.   Counsel further appeal to the rule that whenever the
instrument bears any suspicious evidence of alteration, then
the burden is on the party offering the instrument, and no
burden of proof rests upon defendant. Starting out with
this assumption—and we need not decide whether it is cor-
rect or not—ingeniously argue that whether any such sus-
picious evidence of alteration exists is a question for the
jury, and that hence the court should have instructed the
jury that if in their opinion the note on its face contained
anything tending to show an alteration, then the burden
of proof was on plaintiff and not on defendant. The lower
court, upon inspecting the note, probably found no sus-
picious evidence of alteration on its face. The original note

is contained in the record before us, and we think the lower court's conclusion was right. The contention of counsel, that whether such suspicious evidence appeared therein, is always a question for the jury is obviously not correct. The court frequently passes on the question whether there is any evidence to support a certain contention or issue. It would make no difference whether the proof produced is oral or documentary. Here the contention is that the document contains signs of alteration, and, clearly, the court had a right to say whether there was sufficient evidence to submit that contention to the jury, just the same as to determine a like contention on any other point. Counsel simply attempt to create to the general rule an exception which we do not think is warranted, and no authority in support thereof has been cited. It has frequently been held, on the contrary, that the preliminary question whether any suspicious evidences of alteration appear on the face of the instrument is one for the court. Offenstein v. Bryan, 20 App. (D. C.) 1, 22; Land & Lumber Co. v. Moss Tile Co., 87 Mo. App. 167, 174; Wicker v. Pope, 12 Richardson Law 387, (S. C.) 75 A. D. 732; Stillwell v. Patten, 108 Mo. 352; 18 S. W. 1075; Paramore v. Lindsey, 63 Mo. 63; Hagan v. Merchant's etc. Co., 81 Iowa 321, 16 N. W. 1114, 25 A. S. R. 493; 2 C. J. 1279; 2 Am. & Eng. Ency. Law 273. It may be that if the preliminary question whether there has been an alteration is doubtful, it should be left to the jury. See 1 R. C. L. 970. But that question does not arise upon the facts in this case, and we need not, therefore, decide it.

4. The note in question was given in part payment of a Grant car. During the transaction leading up to the purchase of the car, the defendant attempted to have the Gifford Motor Company accept as part of the purchase price, to the extent of $300, an old Metz car owned by him, and he claims that in fact it was so accepted, thus accounting for the difference between $450 and $150 of the note in suit, claimed to have been altered. The Gifford Motor Co., on the other hand, denied that it accepted it as such part pay-

ment, but simply agreed to sell it for him, if possible, for the sum of $300; that pursuant to that understanding it sold the car to one George Day, who, however, finding the car absolutely worthless, returned it, of which the defendant was duly notified. It appears that this sale to Day was made on June 15, 1917. The purchaser gave, in payment, six notes of $50 each, made to J. B. Ford, and secured by a chattel mortgage on the car, also taken in the defendant's name. The Gifford Motor Company claims that it sent these notes and the mortgage, soon after they were taken, to the defendant by mail. The plaintiff sought, on cross-examination, to have the defendant testify to the contents of the letter accompanying these papers, and exception is taken to this proceeding on the ground that no notice was served on the defendant to produce it. No prejudicial testimony was, however, given by the defendant against himself on this subject, and hence we could in no event reverse the case on account of such cross-examniation. Subsequently the wife of defendant took the witness stand, to testify in his behalf, and after having testified to the loss of the letter above mentioned testified to its contents, claiming that the letter asked the defendant to endorse the notes and return them. This testimony was elicited in order to show that while the papers were in the name of the defendant, they were so taken for convenience only, and that the Gifford Motor Company, by asking for an endorsement and return of the papers, thereby acknowledged itself to be the owner thereof. The witness Gifford, manager and main owner of the Gifford Motor Company, in rebuttal also testified to the contents of the letter, which was in direct contradiction of the testimony of Mrs. Ford. The testimony of the former was proper rebuttal testimony, and after the testimony given by Mrs. Ford, the defendant should not now be heard to complain that the contents of the letter were testified to by the witness Gifford in the absence of notice to produce. Besides, the record, we think, shows sufficiently the loss of the letter; hence a notice to produce

would have been useless. Such loss, when shown, therefore, obviates the necessity of such notice. Jones, Ev., Sec. 224.

A letter was written to the witness Gifford in response to the letter just mentioned, dated July, 1917, the main portion of which is as follows:

"You will find enclosed notes for which I hope you can collect as they come due as that was the understanding between us.

Yours truly,<br>
J. B. Ford.

You are down there where he lives and have a better chance for to collect."

The notes referred to where the notes given by George Day in payment of the Metz car. The defendant and his wife testified that the letter was written by the latter without any authority from her husband. But the court admitted the letter in evidence and this is assigned as error. It appears that the letter was received in due course of mail, and that it is in answer to a prior letter addressed to the defendant and received by him, and it is held that in such case a presumption arises that the later letter is the letter of the person whose name is signed thereto. 22 C. J. 94. In any event, we think that from this testimony, together with other testimony in the record, tending to show the authority of Mrs. Ford to write the letter, the jury had the right to draw the inference that the letter was in fact the letter of the defendant, and it was, therefore, properly admitted.

As indicated before, when George Day discovered that the Metz car was worthless, he returned it to the Gifford Motor Company, and the company in turn wrote the defendant of that fact, asking him what he wanted done with the car. The witness Gifford was permitted to testify to the contents of the letter, though no notice to produce it had been served. We might here mention the fact that it appears to be held by a number of authorities that where

the document relates not to the main issue, but to some collateral circumstances, notice to produce the writing, traced into the hands of an opposing party, is not prerequisite to the introduction of parol evidence. 22 C. J. 1060. We prefer not to decide that point of law. We think the evidence sufficiently shows the loss of the letter, so as to permit the giving of the above mentioned testimony under the rule heretofore stated. It is objected also that the letter would be simply self-serving and not admissible for that reason. It appears that it was never answered. The defendant stated that the reason for that was, that he considered that he had no longer any interest in the Metz car. We think the contents of the letter, together with the proof that it was not answered, was under the circumstances admissible. There is testimony tending to show that up to that time the Gifford Motor Company had no reason to expect that the defendant would disclaim any interest in the notes. He had been silent in the meantime, excepting only the letter of July, 1917, above mentioned. The jury, we think, had a right to pass upon the question as to whether or not the letter should have been answered in the ordinary course of business by one claiming no further interest in the car, and whether the silence of the defendant, under the circumstances, did or did not indicate that he was in fact the owner of the car. 22 C. J. 322, 326, 327.

The witness Gifford was permitted on re-examination to testify to statements made to Day while selling him the Metz car to the effect that the car was that of the defendant who had placed the price of three hundred dollars thereon. These statements are excepted to as self-serving. The witness had been asked at length on cross-examination as to statements made by him to Day. There is no reason, therefore, why plaintiff should have been barred from inquiry as to other statements made at the same time. The answers permitted to be given simply clarified some evidence given on cross-examination.

Defendant asked for an instruction that the plaintiff in this case was only the nominal, and the Gifford Motor Company the real, plaintiff. This instruction was refused. If this was error, which we doubt, we fail to see wherein the defendant was prejudiced. It was the duty of the jury to pass upon the merits of the controversy involved, and give judgment to the party legally and justly entitled thereto without favor to, or bias for, either, and without reference to his or its name.

We find no prejudicial error in the record. The judgment of the lower court should accordingly be affirmed and it is so ordered.

*Affirmed.*

POTTER, Ch. J., and KIMBALL, J., concur.

NOTE—See under (1-6) Evidence 22 C. J. 13-16 and 21-22; (7-9) Alteration of Instruments 26 C. J. 179, 210.